DAVID TIPTON, Respondent, *vs.* JESSE BURTON and JOHN BUR-
TON, Appellants.

58 435
87a 280

1. Judgment affirmed.

*Appeal from Adair Circuit Court.*

*Ellison & Ellison,* for Appellants.

*Harrington & Cover,* for Respondent.

NAPTON, Judge, delivered the opinion of the court.

The plaintiff brought this suit to recover the value of cer-
tain household furniture and millinery goods, alleged to be-
long to him, and levied on and sold under execution, at the
instance of the defendants, as the property of one Livingston.

The facts appeared to be, that the plaintiff, in order to en-
able his two sisters to make a livelihood, had purchased a
stock of millinery goods and some household furniture, and
set them up in this business at Kirksville. One of the sis-
ters, a widow at the time of the purchase, married a man
named Livingston, who, it seems, was indebted to the defend-
ants, before his marriage, to the amount of $90, or thereabouts.
The defendants ordered their execution to be levied on this
property of Mrs. Livingston, and upon the constable declining
to do so without an indemnifying bond, gave one. The prop-
erty was sold, and the plaintiff, the brother of Mrs. Living-
ston, brings this action to recover of them the value of the
property sold.

The only questions in the case were, whether the plaintiff
retained his ownership of the property which it was conceded
he bought and paid for with his own money, or had given it
to his sisters absolutely, and whether the defendants had au-
thorized the execution sale or ordered it, so as to make them
responsible in this action.

Upon these points various instructions were asked and
given, and still more refused. Upon the two points the ques-
tions of fact were put to the jury, and no objections are made
to the instructions. The jury found for the plaintiff, and as-
sessed his damages at the value of the goods.

Various instructions were asked, founded upon the 5th section of our statute concerning fraudulent conveyances; but as the defendants were not creditors of Mrs. Livingston or her sister, they had no application to the case.

Various other technical objections are taken to the form of the action, but if we are still to look into the nice distinctions between trover and trespass and detinue, the total abolishment of all such niceties and the declarations of our legislature long since made, that the only action here is a civil action, will have been made in vain.

The verdict was manifestly a just one, and the judgment must be affirmed.