## FEURY v. McCORMICK HARVESTING MACH. CO.

1.  The act of an attorney within the scope of his authority in the conduct of of an action is the act of his client, and the direction of such an attorney, indorsed upon an affidavit in claim and delivery, requiring an officer to take the possession of the property described in the affidavit from the defendant, and deliver the same to the plaintiff, is in law to be regarded as the direction of the plaintiff himself.

2.  Where, in an action in claim and delivery, personal property is specifically described in the affidavit, and the statutory indorsement is made thereon, signed by plaintiff's attorney, and the officer takes into his possession the identical property so described, in pursuance of such indorsement, the plaintiff in the action is liable for the value of the prop-

erty so taken to a third party who was the actual owner of the same when so taken by the officer.

(Syllabus by the Court. Opinion filed Dec. 19, 1894.)

Appeal from circuit court, Brown county. Hon. A. W. CAMPBELL, Judge.

Action for the conversion of certain wheat. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*C. N. Harris* and *H. H. Potter*, for appellant.

To constitute a levy the officer must have actual possession or control of the property with power of removal. Powell v. Kechina, 19 N. W. 410; Russell v. Major, 29 Mo. App, 167; Dixon v. White, 5 L. R. A. 659; Windmiller v. Chapman, 139 Ill. 163; 13 Am. Enc. Law 269. An agent cannot assume a position which is in conflict with his duty. Ewell's Evans Agency 14; 1 Am. Ency. Eng. Law 335. The acts of an officer beyond the authority of the writ do not bind the party suing out the writ. Cooly on Torts 129; Marks v. Calmer, 24 Pac. 528; Ewell's Evans on Agency 71.

*John H. Perry*, for respondent.

In order to constitute conversion it is not necessary that the defendant should have had actual manual possession of the property; nor that he should have applied it to his own use; it is enough if he assume such control over it by a possession as deprives the owner of his dominion over it for any purpose. 6 Waits Act. and Def. 167; Cornah v. Hale, 23 Wend. 462; Bristol v. Burt, 7 Johns 254; Mursey v. Burling, 10 Johns 172; Reynolds v. Shuler, 5 Conn. 323; Webb v. Davis, 44 Mo. 147.

CORSON, P. J. In the fall of 1891 the McCormick Harvesting Machine Company instituted an action in claim and delivery against Andrew Feury, and the sheriff was required by an order endorsed upon the affidavit, signed by the plaintiff's attorney, to take into his possession certain wheat therein described, and which it appears from the record was the identical

wheat in controversy in this action.    On the trial of this action in June, 1893, the plaintiff's ownership of the wheat alleged to have been converted, and its value, does not seem to have been controverted.    The grounds upon which the defendant relies for a reversal of the judgment are fully stated in its motion for a new trial, as follows:    "First.    Insufficiency of the evidence to justify the verdict, in this:    (a) That the evidence fails to show that the levy was made by the officer in whose hands were placed the replevin papers in the case of this defendant vs. Andrew Feury on the wheat in controversy in this action; (b) that the evidence shows that the defendant never had possession of the $250 worth of wheat mentioned and described in the complaint herein; (c) that the evidence shows that the claim of this defendant was paid by Andrew Feury from the proceeds belonging to this plaintiff, with the knowledge and consent of this plaintiff, and that the defendant did not in any manner exercise any ownership or control over said wheat. * * *    Second.    Errors in law occurring at the trial, and ex· cepted to by the defendant, to-wit, in refusing to direct a verdict for the defendant, as asked for by said defendant, after the evidence was all in, and before the said cause was submitted to the jury."    In this court the defendant assigns as error the refusal of the court to grant a new trial, and also its refusal to direct a verdict for the defendant.

As to the proceedings of the officer relative to his taking possession of the wheat in the action of claim and delivery, there was much conflict in the evidence.    The plaintiff introduced in evidence the return of the officer in the claim and delivery action, made at the time of the alleged levy upon the wheat in controversy.    That portion of the return material for the purposes of this action is as follows:    "That under and by virtue of said undertaking, affidavit and notice, I did on the 30th day of November, A. D. 1891, in said county and state, take into my possession certain personal property in said affidavit described, to-wit: wheat enough to bring two hundred and fifty

dollars; and after holding said property above described for three days, and said defendant having failed to except to the sufficiency of the sureties, or to rebond on said undertaking, I did on the 4th day of December, A. D. 1891, deliver said property to McCormick Harvester Machine Company, a corporation, the plaintiff named in said affidavit. Given under my hand this 7th day of December, A. D. 1891. Jerry Eisenhood, Sheriff of Brown County, S. Dak., by O. B. Heath, Deputy." Andrew Feury, the defendant in the claim and delivery action, testified that he informed the officer that the wheat was the property of Mrs. Feury, but that the officer insisted upon taking the same, and employed him to haul it to the elevators, for which the officer paid him $15; and that all he did in reference to the wheat was as the agent and employe of the officer. The plaintiff, Mrs. Feury, also testified that she notified the officer that the wheat belonged to her, but that he insisted upon taking it, and employed Mr. Feury to haul it to the elevators. Mr. Heath, the officer, was called as a witness on the part of the defense, and was permitted to testify, without objection, to facts that tended directly to contradict his return. The official return, however, made by the officer at the time of the transaction, was entitled to much greater weight than his evidence, given nearly two years after the transaction was closed. It may be a question as to whether the officer should have been permitted to contradict his solemn and official return in a collateral action. But, as the evidence was admitted without objection, this question is not presented. The officer's return, in connection with the evidence of Andrew Feurey and Mrs. Feury, was amply sufficient to support the verdict of the jury upon the question as to whether or not the officer took possession of the wheat.

The only other question that merits attention is the error assigned: That the court erred in denying defendant's motion to direct a verdict for defendant. At the close of the evidence the defendant moved the court to direct a verdict for the defendant, on the ground that the plaintiff had failed to prove

any conversion, or any knowledge whatever on the part of the defendant connecting it with the conversion, of the wheat in controversy. In support of their contention, the learned counsel for the appellant insist that there was no evidence that the defendant gave any special directions to the officer, or any instructions as to the performance of his duties; or that the action in claim and delivery was instituted by its attorney in any other than the usual manner; or that any instructions were given by the attorney, to the officer, other than those given by the attorney, by his endorsement upon the affidavit, requiring the officer to take the wheat described in the affidavit from the defendant, Andrew Feury, and deliver the same to the plaintiff, the McCormick Company,—and that consequently the defendant was not liable for the value of the wheat taken. It may be conceded that there was no evidence upon the question of the defendant's connection with the taking of the possession and conversion of the wheat, other than that stated, except that the officer collected, as the proceeds of the sale of the wheat, the sum of $250, and remitted the same to the defendant, which, so far as the record discloses, it still retains. But conceding that the defendant, neither by itself, agents, nor attorneys, gave any special directions to the officer, other than those contained in the order endorsed upon the affidavit by defendant's attorney still we are of the opinion the defendant is liable in this action.

The action in claim and delivery is instituted expressly to recover possession of specific personal property. The property is described in an affidavit, usually the important paper in the action. By the indorsement upon the affidavit, required to be made by plaintiff, but in practice usually made by the attorney, the officer is required to take the specific property from the possession of the defendant in the action and deliver it to the plaintiff therein. The officer is vested with no discretion, but is required to take the specifically described property. In the case at bar, the wheat in controversy was fully described in the affidavit, and the defendant's attorney, acting for and in behalf

of the defendant, and possessing authority as such attorney to bind the defendant, by the order indorsed upon the affidavit, did direct the officer to take this identical wheat and deliver it to the plaintiff in that action, the McCormick Company. Under this direction upon the affidavit, the officer executed the process by taking the identical wheat described in the affidavit, as directed, and being the wheat in controversy in this action. This brings the case clearly within the doctrine laid down by Judge Cooley in his work on Torts. Referring to this class of cases, he says: "Whatever the officer is, by his process, commanded to do, is understood to be directed by the party himself who causes the writ to be issued and delivered to the officer, that the exigency thereof may be complied with. Therefore, to the extent of the command, the party is responsible for what the officer shall do." Cooley, Torts (2d Ed.) pp. 148, *129; Corner v. Mackintosh, 48 Md. 374; Petterson v. Foli, 67 Iowa, 402, 25 N. W. 677; Shaw v. Rowland, 32 Kan. 154, 4 Pac. 146. In the case at bar, the officer took into his possession the property he was, by the order indorsed upon the affidavit, required to take. In taking it, therefore, he followed the directions of the plaintiff in that action. There was no mistake of the officer in executing his process. He did precisely as directed, and as in the execution of his process, he unlawfully took the wheat of the plaintiff, the defendant (the plaintiff in that action) is liable therefor. As has been before stated, the proceeds of the property were paid over to the defendant, and the law will not, under the circumstances of this case, permit it to retain them. The judgment of the court below is correct, and the same must be affirmed. And it is so ordered.