FERDINAND WESTHEIMER & others *vs.* STATE LOAN COMPANY.

Suffolk.  March 21, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Conversion. Replevin. Evidence,* Of ownership, Relevancy and materiality, Admissions and confessions. *Witness,* Deposition. *Attorney at Law.*

At the trial of an action for the alleged conversion of certain whiskey, it appeared that an agent of the plaintiff, authorized only to solicit orders and make collections, requested one B. to store for him some whiskey in barrels, asserting it to be his own, and, B. consenting, four barrels of whiskey of the plaintiff's brands, three labelled " Hornpipe " and one " Boston League," were delivered to B. and there remained stored until taken from him on a writ of replevin by the defendant. A deposition of the plaintiff was read, in which, in response to the question,

"Did you ship any whiskey to B. ? If you say you did, state how and under what circumstances and describe the whiskey and how the barrels were marked," he stated, "I notified my teamster to deliver to Ḇ. four barrels of Hornpipe and one of Boston League. The whiskey consisted of three barrels Hornpipe and one of Boston League. Three barrels were marked ' Hornpipe,' and one ' Boston League.' " *Held*, that there was evidence that the whiskey taḵen from B. by the defendant came to B. from the plaintiff, and that the plaintiff had not parted with his title to it.

At the trial of an action of tort for conversion, it appeared that the defendant caused a writ of replevin to issue against one B. and that an officer, acting under that writ, took from the possession of B. whiskey which was the property of the plaintiff, that the defendant received the whiskey from the officer and sold it. *Held*, that there was evidence of a conversion by the defendant.

At the trial of an action for conversion of whiskey in barrels, it appeared that an agent of the plaintiff, authorized only to solicit orders and make collections, asked one B. to store for him some whiskey in barrels, his property, and, B. consenting, thereupon, by falsely representing to the plaintiff that B. had ordered the whiskey of the plaintiff, the agent induced the plaintiff to ship it to B. The agent was not called to testify, but the defendant sought to show certain acts and statements of ownership of the property by him. *Held*, that such evidence rightly was excluded.

At the trial of an action for conversion, it became material for the plaintiff to establish that certain whiskey in barrels taken from one B. by the defendant was the same delivered to B. by the plaintiff. The plaintiff's deposition was read in which he was asked, "Did you ship `any whiskey to B.? If you say you did, state how and under what circumstances and describe the whiskey and how the barrels were marked "; and answered, " I notified my teamster to deliver to B. four barrels of Hornpipe and one of Boston League. The whiskey consisted of three barrels Hornpipe and one of Boston League. Three barrels were marked ' Hornpipe ' and one ' Boston League.' " He also was asked "Please state what whiskey you shipped to B. and its value," and answered "The value of the Hornpipe whiskey amounts to $279, and the value of the one barrel of Boston League whiskey amounts to $118." It also appeared that B. received from the plaintiff and the defendant took from B. three barrels of whiskey labelled as the plaintiff's brand of Hornpipe whiskey and one barrel labelled as the plaintiff's brand of Boston League. *Held*, that the questions and answers in the deposition tended to identify the whiskey and rightly were admitted.

At the trial of an action against a corporation for conversion, it appeared that, up to within two months of the trial, one A. had appeared as attorney of record for the defendant, and, while such attorney of record, had given to the plaintiff's attorney a signed statement that, when the case was tried, the treasurer of the defendant would admit certain facts. A. was not attorney for the defendant at the time of the trial. The statement was introduced in evidence to prove the facts therein admitted, and was *held* to have been admitted properly.

TORT for the conversion of four barrels of whiskey.   Writ in the Superior Court for the county of Suffolk dated December 10, 1904.

At the trial before *Bell*, J., on June 22, 1906, one Westheimer

testified by deposition that he was one of the plaintiffs who were a firm engaged in the business of distillers and wholesale liquor dealers, that one Hanley had been employed by the firm as solicitor from the summer of 1903 until some time in September, 1904, when they had discharged him. Hanley's duties were only to solicit orders for the firm's goods and to make collections. He was instructed to transmit all orders taken by him to the firm and to remit all collections made by him. He had no authority as agent or employee to pass upon orders taken by him, but was instructed that the firm would approve or disapprove orders sent in by him and be the sole judge of credits.

Except the foregoing, there was no other evidence as to the authority of Hanley.

The following questions and answers in the deposition of Westheimer were introduced in evidence subject to objections and exceptions by the defendant.

" Int. 5. Did said firm of Ferdinand Westheimer & Sons ship any whiskey to Patrick Bowen & Co. ? If you say said firm did ship whiskey please state how, and under what circumstances, and describe the whiskey shipped by said firm and how the barrels or cases were marked.

" Ans. Our firm did notify our teamster at Boston, one Wm. Tyner, to deliver to Patrick Bowen four barrels of Hornpipe and one barrel of Boston League Whiskey. The whiskey consisted of three barrels Hornpipe whiskey and one barrel of Boston League whiskey. Each of the barrels was marked with the brand of the whiskey, that is, three barrels were marked on the head with the name of ' Hornpipe ' and one with the name of ' Boston League.'

" Int. 8. Please state what whiskey Ferdinand Westheimer & Sons shipped to Patrick Bowen & Co., of Boston, Mass. and the value of said whiskey.

" Ans. The value of the Hornpipe whiskey amounts to $279.30 and the value of the one barrel of Boston League whiskey amounts to $118.12, making a total of the whiskey $397.42."

One Bowen on behalf of the plaintiff testified that Hanley had come to his place of business some time in the summer of 1904, had said he owned five barrels of whiskey which were then at the Bowdoin Square Hotel which was going out of business,

and had asked permission to store them in his, Bowen's, cellar
and that he gave the permission.   In July, 1904, he received
four barrels of whiskey of the Ferdinand Westheimer brands,
" Boston League " and " Hornpipe," and they were in his cellar
until removed by virtue of a replevin writ.   He never gave any
order or made any contract for the purchase of the whiskey from
the plaintiff.

In cross-examination of Bowen the defendant offered to show
that he was notified by Kimball, the defendant's treasurer, that
he, Kimball, had purchased four barrels of whiskey from Han-
ley, and that he presented to Bowen a written order for the
whiskey, signed by Hanley.   The evidence was excluded and
the defendant excepted.

The plaintiff introduced in evidence the records of the Mu-
nicipal Court of the City of Boston, showing a replevin writ
brought by the defendant in this action against Bowen, showing
the replevin of one barrel Boston League whiskey and three
barrels Hornpipe whiskey.   The action was still pending and
had never been tried.   J. T. Auerbach, Esquire, appeared therein
for the plaintiff State Loan Company, and Messrs. Morse and
Friedman appeared for the defendant.   On the back of the writ
appeared the following:  " Boston, Oct. 13th, 1904.   I acknowl-
edge to have received the within described property.   State Loan
Company by J. T. Auerbach, Attorney," and an agreement as
to the value, $492.

Mr. Auerbach appeared as counsel of record for the State
Loan Company in this action also up to two months before the
trial.   He was not counsel at the time of trial.   Messrs. Morse
and Friedman were counsel for the plaintiff on the date of the
following statement and at the time of trial.

The plaintiff offered and the presiding judge admitted in evi-
dence the following signed statement against the objection and
subject to the exception of the defendant:

" Boston, October 4th, 1905

" Messrs. Morse & Friedman,
          Boston.

" Gentlemen :

" When the case of Westheimer, et al. *vs.* State Loan Com-
pany comes up for trial in the Superior Court, Mr. Kimball, the

Treasurer of the State Loan Company, will admit, through his attorney, that the whiskey for the conversion of which the State Loan Company is now the defendant in a suit brought by Westheimer, et al., is the same whiskey that it took from the custody of Patrick Bowen & Company, and that it has sold the identical whiskey which was taken, and that the State Loan Company received the proceeds thereof, and that it has refused to return to the Westheimer Company the said whiskey which it seized and sold, upon their demand, and which said whiskey the State Loan Company claims under the bill of sale of one Hanley as bought for full value.

                    " Very truly yours,

                              " J. T. Auerbach."

One Kimball, called by the plaintiff, testified that he was treasurer of the defendant, and that J. T. Auerbach was his counsel; that he personally bought four barrels of whiskey from Hanley, who gave him a bill of sale in the usual printed form with covenants on the part of Hanley, and that he paid Hanley $468 for the whiskey which was then upon the premises of Bowen.

The defendant then again sought to introduce in evidence the written order of Hanley upon Bowen for the whiskey, and statements of Hanley as to his title to the whiskey. The presiding judge excluded the evidence and the defendant excepted.

The defendant made the following requests for rulings, all of which were refused, the defendant excepting:

1. On all the evidence the plaintiff cannot recover.

2. There is no evidence that the whiskey in question was at the time of the alleged conversion the property of the plaintiff.

3. It appearing from the evidence of Bowen and Kimball that the whiskey bought by Kimball and replevied by Bowen was owned by Hanley and no evidence to contradict the same if the jury believe this, there must be a verdict for the defendant.

4. Even if Kimball converted the whiskey then there can be no recovery against the State Loan Company.

5. The fact that the defendant replevied the whiskey from Patrick Bowen is no evidence of conversion.

In charging the jury, the presiding judge, after explaining the

meaning of the term "conversion," said, subject to the exception of the defendant, "In this case, if the plaintiffs still owned the whiskey in the possession of Bowen, and the defendant took the whiskey out of Bowen's possession, I shall instruct you that whether they did it by order or whether they did it by process of law, if they took it away, that would authorize you in finding an interference with that whiskey which would be a conversion in the eye of the law."

There was a verdict for the plaintiff.

The case was submitted on briefs.

*W. A. Buie & C. F. Eldredge*, for the defendant.

*L. M. Friedman*, for the plaintiffs.

KNOWLTON, C. J. The issues in this case, as stated by the judge in his charge to the jury, are very simple. They are whether the plaintiffs were the owners of the whiskey at the time of the alleged conversion, and whether the defendant converted it. The first issue includes the question whether the goods are identified as property that once belonged to the plaintiffs, and if so, whether they parted with their title before the conversion. There was testimony from one of the plaintiffs, by a deposition, that his firm shipped to one Bowen three barrels of Hornpipe whiskey and one barrel of Boston League whiskey, and that each of the barrels was marked with its proper brand, three with the name Hornpipe and one with the name Boston League. The manner and circumstances of making the shipments, which were called for by the question, were shown only by an answer that the firm notified their teamster to ship to Bowen four barrels of Hornpipe whiskey and one of Boston League whiskey. It does not appear that the witness did not have other knowledge that the shipment was made. In another answer the witness gave the value of the whiskey shipped to Bowen, referring to it by a general statement similar to the first. Bowen testified to having received four barrels of whiskey bearing the plaintiffs' brand, marked like those referred to by the former witness. It appears that the arrangement for the receipt of this whiskey by Bowen was made by one Hanley who was employed by the plaintiffs to solicit orders for the sale of their whiskey and to make collections.

There was ample evidence to warrant the jury in finding that

the whiskey received by Bowen came from the plaintiffs' stock and that the plaintiffs never parted with their title to it.

There was testimony from Kimball, the defendant's treasurer, that he bought four barrels of whiskey from Hanley, which was then stored on Bowen's premises, and which Hanley said he owned. It appeared that the defendant replevied from Bowen four barrels of whiskey branded like those described by the plaintiff in his deposition, and that this whiskey was received from the officer by the defendant, and afterwards sold and the proceeds of it received by the defendant, and that the defendant refused to return the whiskey to the plaintiffs upon demand. This was convincing evidence of a conversion. The instruction of the judge that, if the defendant in any way, either by process of law or otherwise, asserted and exercised a right to take possession of this whiskey and carry it away from the place where it was stored, that would be a conversion, was correct, as applied to the facts of this case. See *Pine* v. *Morrison*, 121 Mass. 296.

There was no evidence that Hanley had any title to the whiskey shipped by the plaintiffs to Bowen. Neither his declarations nor the statements and conduct of others, founded on his declarations, were competent evidence.

The testimony of the plaintiff by deposition was competent. It tended to identify the whiskey stored by Bowen.

So too was the agreement of the defendant's attorney of record as to facts to be admitted by the defendant at the trial. *Lewis* v. *Sumner*, 13 Met. 269. The attorney had a right to make the agreement, the plaintiffs acted upon it, and it does not appear that the authority was ever revoked, much less that the plaintiffs were ever notified of its revocation, or of any attempt to cancel the agreement.

*Exceptions overruled.*