[Civ. No. 4485. First Appellate District, Division One.—August 17, 1923.]

MINNIE HANCE JACKINS, Respondent, v. FRANK P. BACON, Appellant.

[1] CONVERSION—CORPORATE STOCK—TIME—STATUTE OF LIMITATIONS. In an action for damages for conversion of corporate stock, the actual date of the defendant's conversion of said stock or the actual act by which his conversion thereof was made manifest is not material so long as the date thereof was within the statutory period required for the commencement of the action.

[2] ID.—EXECUTION SALE—PRIOR PLEDGE—ACTS CONSTITUTING CONSUMMATION OF CONVERSION.—In an action for damages for conversion of corporate stock obtained by defendant at an execution sale, which stock plaintiff was holding under pledge to her by the execution debtor, the defendant's conversion of the stock was consummated when he wrongfully exercised acts of dominion over said stock in defiance of the plaintiff's superior right thereto and in interference with her lawful right and effort to obtain control over said property.

[3] ID.—TITLE — ATTACHMENT—EXECUTION SALE.—The attachment or sale under execution of personal property not owned by the person against whom the process runs is sufficient to constitute a conversion thereof.

[4] ID.—TRANSFER OF STOCK UPON CORPORATE BOOKS—UNEXPLAINED REFUSAL OF CORPORATION—EFFECT OF.—The unexplained refusal of a corporation issuing stock to transfer the same upon its books and to issue new shares therefor to the assignee thereof amounts to a conversion of said stock.

---

1. Corporate stock or certificate thereof as subject of conversion, note, 21 A. L. R. 390.

[5] ID.—EXECUTION SALE—PRIOR PLEDGE OF STOCK—TITLE—DEMAND FOR RETRANSFER—REFUSAL.—In an action for damages for conversion of corporate stock obtained by defendant at an execution sale while plaintiff was holding the same under a pledge thereof to her by the execution debtor, the purchase by said defendant of said stock and of the alleged, though then nonexistent, interest of the execution debtor, therein at execution sale, followed by defendant's own successful demand upon the corporation that it effect a cancellation of the original shares of said stock upon its books and that it issue to him new shares in lieu thereof, taken together with his subsequent refusal, after a final judgment against him establishing plaintiff's ownership of said stock, to retransfer to plaintiff said stock, amounted to such an interference with her rights in and control over the same as established by said final judgment as to amount to a conversion of the same.

[6] ID.—COMMENCEMENT OF PRIOR ACTION—ESTABLISHMENT OF TITLE—ABSENCE OF ESTOPPEL. — The plaintiff was not estopped from maintaining the present action for conversion by the fact that she commenced a prior action to have her ownership in said stock established and obtained judgment therein, since the judgment in the prior action only went so far as to provide for her recovery of the specific property sued for, and this being so, when it appeared that upon the entry of such judgment the defendant refused to comply with the terms thereof by delivering up said property, and when he based his refusal upon the ground that prior to the entry of such judgment he had disposed of the same, the plaintiff was entitled to fall back upon her action for conversion in order to obtain that relief which had been rendered impossible by the defendant's refusal to comply with said judgment and by his prior transfer of said property which rendered compliance therewith impossible.

[7] ID.—DAMAGES—VALUE OF STOCK—VESTED RIGHT—FORFEITURE OF CORPORATE CHARTER—EFFECT OF.—In such action for conversion, where the trial court found upon sufficient evidence that at the date of said conversion the stock so converted was of a stated value, the plaintiff, at the time she commenced such action, had a vested right to recover from the defendants the amount of damages which she was thus found to have suffered from the conversion of her said property by them; and nothing that the defendant corporation could do in the way of failing to pay its corporate license tax or of suffering a forfeiture of its charter for such failure can be held to have affected the plaintiff's vested chose in action at the time the present suit was begun.

---

7. Measure of damages for conversion of shares of stock, notes, 18 Ann. Cas. 608; Ann. Cas. 1916C, 641.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Lucius K. Chase for Appellant.

Joe Crail and Julius V. Patrosso for Respondent.

RICHARDS, J.—This appeal is from a judgment in favor of the plaintiff and against the defendants herein in an action for conversion by said defendant Bacon of certain stock of the Queen Oil Company, a corporation, of which the plaintiff alleged herself to have been the owner at the time of such conversion. The undisputed evidence in the case showed that on and prior to August 31, 1918, one Harry Jackins, the husband of the plaintiff and respondent herein, appeared on the books of the Queen Oil Company as being the owner of forty thousand shares of the capital stock of said corporation, as evidenced by certificates numbers 46 and 47. On said August 31, 1918, the sheriff of Los Angeles County, acting under and by virtue of an execution, issued in a certain action against said Harry Jackins and others, sold said forty thousand shares of the capital stock of said corporation to Frank P. Bacon, the defendant and appellant herein, and on September 4, 1918, pursuant to said sale, issued to said Bacon a certificate of sale of said stock. Thereupon, and upon said last-named date, said Bacon presented to the Queen Oil Company said certificate of sale demanding that there be issued to him by virtue thereof new certificates representing said shares of stock. The Queen Oil Company complied with this demand. The record further shows that on March 26, 1918, and while said Harry Jackins was the owner of the aforesaid stock, he assigned and transferred the same to the plaintiff and respondent herein as collateral security for the payment of his promissory note to her in the principal sum of three thousand five hundred dollars, and that thereafter, and on the twenty-fourth day of February, 1919, having made default in the payment of said note, the respondent herein caused the said stock to be sold, as provided by law for the sale of pledged property, and became the purchaser thereof

63 Cal. App.—30

at said sale; that thereafter, and on the twenty-second day of April, 1919, the respondent presented said original certificates of stock, numbers 46 and 47, to the Queen Oil Company and demanded that the transfer of said stock to her be entered upon the books of the corporation and that new certificates of stock therefor be issued to her. This demand was refused by the corporation for the assigned reason that said stock had theretofore been sold by the sheriff of Los Angeles County under a writ of execution to Frank P. Bacon and that new certificates of stock had been issued to him pursuant to said sale. Thereupon, and on April 24, 1919, the plaintiff commenced an action wherein the Queen Oil Company, Harry Jackins, and the appellant herein, Frank P. Bacon, were made defendants for the purpose of establishing her title to the stock in question. Thereafter, and after due proceedings had therein, judgment was entered in said action, wherein it was adjudged and decreed that the plaintiff therein was the owner of the stock in question and it was ordered that the defendants therein cancel all certificates evidencing the ownership of said forty thousand shares of said stock of the Queen Oil Company in any person or persons other than the plaintiff and that the defendant Frank P. Bacon surrender to the Queen Oil Company for cancellation the certificates for said stock which had theretofore been issued to him. An appeal from said judgment was taken by said Bacon to the supreme court, where, after due hearing, said judgment was affirmed in a decision of said court entitled *Jackins* v. *Queen Oil Co.,* 184 Cal. 645 [195 Pac. 51]. The *remittitur* in said case was filed with the clerk of the superior court of Los Angeles County on the fourteenth day of February, 1921, and thereafter, and on said February 14, 1921, in accordance with said judgment as thus affirmed, the plaintiff herein demanded of said Frank P. Bacon that he comply with the judgment in said action by surrendering for cancellation the certificates representing said shares of stock which had theretofore been issued to him. The said Bacon refused to comply with said demand, placing his refusal upon the ground that he had theretofore and prior to the institution of said action sold said stock and had never since been the owner thereof. Thereupon the plaintiff commenced the present action for the conversion of said stock against Frank P. Bacon and the

Queen Oil Company, a corporation, alleging as the date of such conversion the fourth day of September, 1918, which was the date upon which the defendant Bacon received the certificate from the sheriff upon the aforesaid execution sale. Upon the trial of the cause the court found for the plaintiff and against the defendant Frank P. Bacon, fixing the date of said conversion as of the twenty-second day of April, 1919, the date when plaintiff had made her demand upon the defendants for the retransfer and cancellation of said stock, and assessing the plaintiff's damages by reason of said conversion at the sum of eight thousand dollars. The defendant Bacon has appealed from said judgment.

The first contention which the said appellant makes upon this appeal is that there is no evidence sufficient to sustain the finding of the trial court to the effect that there was a conversion of said stock by said Bacon on the twenty-second day of April, 1919, or at any other time prior to the institution of the present action. We discover no merit in this contention. [1] The actual date of the defendant Bacon's conversion of said stock or the actual act by which his conversion thereof was made manifest is not material so long as the date thereof was within the statutory period required for the commencement of the present action. [2] The defendant Bacon's conversion of the stock in question was consummated according to the authorities when he wrongfully exercised acts of dominion over said stock in defiance of the plaintiff's superior right thereto and in interference with her lawful right and effort to obtain control over said property. (5 Fletcher's Cyclopedia Corporations, sec. 3446.) [3] It has been held that the attachment or sale under execution of personal property not owned by the person against whom the process runs will be sufficient to constitute a conversion thereof. (*Davidson* v. *Oberthier,* 42 Tex. Civ. 337 [93 S. W. 478]; *Westheimer* v. *State Loan Co.,* 195 Mass. 510 [81 N. E. 289]; *Tipton* v. *Burton,* 58 Mo. 435; *Rogers* v. *Weir,* 34 N. Y. 463; *Feury* v. *McCormick,* 6 S. D. 396 [61 N. W. 162]; *Seivert* v. *Galvin,* 133 Wis. 391 [113 N. W. 680]; 38 Cyc., p. 2020, sec. 8; 26 R. C. L., p. 1120, sec. 31.) It is, however, contended by the appellant herein that there could be no conversion of said stock by either of said defendants, for the reason that the said plaintiff had at all times been in possession of the original certificates of said stock by vir-

tue of the pledge thereof by Harry Jackins to her prior to the attempted sale of the interest of said Harry Jackins therein under execution. [4] It has been held, however, by the supreme court of this state that the unexplained refusal of the corporation issuing such stock to transfer the same upon its books and to issue new shares therefor to the assignee thereof will be held to amount to a conversion of said stock. (*Ralston* v. *Bank of California,* 112 Cal. 208 [44 Pac. 476]; *Payne* v. *Elliot,* 54 Cal. 339 [35 Am. Rep. 80]; *People* v. *Williams,* 60 Cal. 1.) [5] This being so, it must be held by analogy that the purchase by the defendant Bacon of said stock and of the alleged, though then nonexistent, interest of Harry Jackins therein at execution sale, followed by his own successful demand upon the corporation that it effect a cancellation of the original shares of said stock upon its books and that it issue to him new shares in lieu thereof, taken together with his subsequent refusal, after the final judgment in plaintiff's favor in the former case to retransfer to plaintiff said stock, amounted to such an interference with her rights in and control over the same as established by said former judgment as to amount to a conversion of the same.

[6] The appellant's next contention is that, assuming that a conversion of said stock occurred, as the court found, on April 22, 1919, the plaintiff then had her election either to commence an action in damages for the conversion of said stock or to commence an action in equity to establish her ownership of the same and that, having elected to commence said former action to have her ownership in said stock established, and having obtained judgment therein establishing her ownership in said stock and canceling any outstanding certificates thereto, she is estopped by said action and by the judgment obtained therein from maintaining the present action for the conversion of said stock. This contention is also without merit. It is true that the plaintiff in said former action might have prayed for and recovered a judgment, not only for the recovery of said stock from the defendant Bacon, but also for an alternative judgment for the value thereof in case of the failure or refusal of the said defendant to deliver up said property to her. The plaintiff, however, did not include in her said former action either averments or a prayer for such alternative relief and did not

obtain therein a judgment for the same. The judgment in said former action only went so far as to provide for her recovery of the specific property sued for and this being so, when it appeared that upon the entry of such judgment the defendant refused to comply with the terms thereof by delivering up said property, and when he based his refusal upon the ground that prior to the entry of such judgment he had disposed of the same, the plaintiff was entitled to fall back upon her action for conversion in order to obtain that relief which had been rendered impossible by the defendant's refusal to comply with said former judgment and by his prior transfer of said property which rendered compliance therewith impossible. In the early case of *Nickerson* v. *California Stage Co.*, 10 Cal. 520, the supreme court held that a judgment in replevin constituted no bar to a subsequent action for conversion unless it appeared that the judgment in such prior action had been satisfied. In the recent case of *Carvell* v. *Weaver*, 54 Cal. App. 734 [202 Pac. 897], this court approved the rule laid down in said early case, holding that a judgment obtained in an action for the return of specific personal property which failed to include an alternative judgment for the value thereof in case a return could not be had did not constitute a bar to a subsequent action for conversion wherein it was made to appear that the defendant was unable to make a return of the property in question in conformity with the prior judgment. There is nothing to be found in the case of *Erving* v. *Goodman etc. Bank*, 171 Cal. 559 [153 Pac. 945], since in that case the plaintiff in the former action brought suit for the possession of personal property and damages for its detention and recovered a judgment therein for such damages. Such judgment was properly held to be a bar to the maintenance of the later suit for damages and to a recovery therein. In the instant case it appears that the respondent secured nothing by her former judgment. She was not, therefore, estopped to seek a further remedy in the form of the present action.

[7] The appellant's next contention is that the plaintiff was not entitled to maintain the present action or to recover damages therein for the reason that prior to the commencement of such action the Queen Oil Company had suffered a forfeiture of its charter through its failure to pay its

state license tax and that thereby the plaintiff had become the owner of a beneficial interest in its corporate assets and hence would not be entitled to recover damages for the conversion of the stock of said corporation, the conversion of which the plaintiff in this action complained occurred prior to the time of the forfeiture by said corporation of its corporate charter and while said corporation was a going concern. The trial court found that at the date of said conversion the forty thousand shares of the capital stock thus converted were of the value of eight thousand dollars. The evidence in the case sufficiently sustains this finding and the judgment in the plaintiff's favor is based upon it. The plaintiff, therefore, at the time she commenced this action had a vested right to recover from the defendants the amount of damages which she was thus found to have suffered from the conversion of her said property by them. Nothing that the defendant corporation could do in the way of failing to pay its corporate license tax or of suffering a forfeiture of its charter for such failure can be held to have affected the plaintiff's vested chose in action at the time the present suit was begun.

As to the appellant's final contention, that the damages awarded to the plaintiff herein were excessive, this point is already covered by what has heretofore been said in this opinion and must, therefore, be held to be without merit.

The judgment is affirmed.

St. Sure, J., and Tyler, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 15, 1923.

All the Justices concurred, except Richards, J., *pro tem.,* who did not participate.