[L. A. No. 11047. In Bank.—January 10, 1930.]

ALICE G. McCARTNEY, Appellant, v. A. P. CAMPBELL et al., Respondents; PETER KUNCE, Intervener and Respondent.

John L. Richardson, T. E. Parke, Harry L. Cohn and William J. Clark for Appellant.

Tanner, O'Dell & Taft, C. E. McDowell, W. C. Shelton, George W. Burch, Jr., Lucas F. Smith, Ernest B. Coil, Louis F. Lararere, John A. Cronin and McNeil & Cotter for Respondents.

Brown & Bissell for Intervener and Respondent.

PRESTON, J.—Motion to dismiss appeal. Plaintiff, as the owner of a certain tract of real property in Los Angeles County, having the same under subdivision, sued the various defendants in an ordinary action to quiet title. Issues upon the complaint and answers thereto and upon cross-complaints by certain defendants and answers thereto were

made up as was also the issue made by one complaint in intervention and answer thereto. The defendants constitute a large body of persons, some of them claiming under an agency contract executed by the plaintiff to defendant A. P. Campbell, and others claiming as purchasers from agents of lots in said tract. The action was tried, findings made and judgment entered. Plaintiff appealed.

Respondent Timm moves herein the dismissal of plaintiff's appeal upon the ground that plaintiff and respondent McCalla have composed their differences by each executing a conveyance of their respective rights in and to said tract to a third party, in which conveyance plaintiff included the lot in said tract to which respondent Timm has laid claim. The argument is that by this conveyance on the part of plaintiff a new contract has arisen which supersedes all the issues involved on this appeal.

We can discern no merit whatsoever in the motion. There is no privity between respondent McCalla and respondent Timm. Their rights are in no sense interdependent. The adjustment did not include respondent Timm. The cause of action against her remains as before. Consequently, when plaintiff conveyed all her interest in the tract of land or in the lot therein claimed by respondent Timm, the litigation could proceed either in the name of plaintiff herself or substitution may be had and it may proceed in the name of the grantee (sec. 385, Code Civ. Proc.). The case of *Armstrong* v. *Sacramento Valley R. Co.*, 179 Cal. 648, 650 [178 Pac. 516], is not at variance with these views. In that action a compromise and settlement of the controversy was made by all the parties, which, of course, superseded the judgment theretofore rendered therein.

The motion is denied.

Waste, C. J., Curtis, J., Seawell, J., Richards, J., Shenk, J., and Langdon, J., concurred.