[Civ. No. 10094. Second Appellate District, Division Two.—September 23, 1935.]

EMMA R. TIMM, Appellant, v. ALICE G. McCARTNEY et al., Respondents.

232

Tanner, Odell & Taft for Appellant.

C. E. McDowell for Respondents.

CRAIL, P. J.—The plaintiff appeals from a judgment awarded defendant after the court had sustained an objection to the taking of any testimony upon the ground that the amended complaint did not state facts sufficient to constitute a cause of action. After sustaining the objection to the introduction of evidence, the court forthwith granted judgment on the pleadings.

Under the circumstances the ruling of the court amounted in effect to the sustaining of a general demurrer without leave to amend, and it is appellant's first contention that it was error for the court to sustain such objection since the same court by another judge in the law and motion department had overruled a general demurrer to the complaint. We do not sustain this contention. It is a somewhat common occurrence for a trial court to change its rulings upon questions of law during the progress of a trial, and a ruling on demurrer occupies no better position in this regard than any other ruling from which an appeal cannot be taken. (*De La Beckwith* v. *Superior Court,* 146 Cal. 496 [80 Pac. 717].) The inconvenience caused the plaintiff is an occasional by-product of the system which exists in Los Angeles County of settling the pleadings in one department and of trying the issues in another. While there is some difference of opinion as to the advantages of this specialization of departments, it is safe to say that most lawyers and most judges of said court, of which there are fifty, believe it is more efficient than the practice of each judge settling the pleadings of cases assigned to his department. Occasionally the law and motion department judge differs with the trial department judge, but this must be endured as it would be quite impracticable to require the trial judge to proceed to the trial of a case in which the complaint does not state facts sufficient to entitle the plaintiff to any relief. Nevertheless, the trial judge should keep in mind that the judge who presides over the law and motion department soon becomes an expert in matters of pleading,

and the trial judge should make such a reverse ruling with great caution. Certainly it would be better practice when such a drastic and unexpected order is made, for the trial judge to volunteer to the plaintiff a reasonable continuance of the case with permission to amend the complaint, to the end that where possible cases be tried upon the merits.

Appellant next contends that each of the three counts of her complaint does state a cause of action, and we shall now examine the complaint in the light of this contention. It is alleged that defendant Alice G. McCartney began an action in the superior court of said county entitled *McCartney v. McCalla et al.*, number 129142, to quiet title to certain lands, among which were the two lots which had been purchased by the plaintiff from the defendant; that the plaintiff was made a party defendant in that action; that as a defense to said action plaintiff alleged that she had paid to said McCartney the full purchase price for said lots, for which the said McCartney had agreed to convey to her said lands; that at said time the said McCartney held legal title in fee to said lands; that thereafter judgment was entered in favor of the plaintiff herein and a copy of the said judgment is attached to and made a part of the complaint; that thereafter and on May 17, 1928, the said McCartney appealed from said judgment to the Supreme Court and that the judgment of the superior court was affirmed on November 30, 1932; that thereafter the plaintiff demanded of the defendant that she execute and deliver to her a deed to said lots, but that the defendant has failed, neglected and refused so to do.

It appears from the said judgment which was made a part of the complaint that the said McCartney was entitled to take nothing as against the defendants or either of them, including the plaintiff herein, except that upon payment by or on behalf of said McCalla (the general sales agent of said McCartney) to the clerk of the above-entitled court for the account of said McCartney of the sum of $7,000 plus, which sum is hereinafter referred to as the "Purchase Price", within a period of 30 days from and after the date upon which the judgment shall be final, the said McCartney do execute and deliver to the said McCalla a good and sufficient deed to several of the lots, and that upon the payment to said clerk of said "Purchase Price", that the said McCartney do execute and deliver to the said Timm (plaintiff herein) a good and

sufficient grant deed to her two lots, and further that in the event the said Timm or others pay to the clerk of the court on behalf of the said McCalla the said purchase price the said McCartney fails or refuses to execute such deeds, it is ordered and decreed that the clerk of the court is appointed a commissioner and directed to execute and deliver to each of the defendants said deeds, and that such deeds shall operate as a transfer to each of said defendants of all of the right, title and interest of the said McCartney in and to the property described in such deed or deeds.

Plaintiff further alleged on information and belief that on or about February 15, 1929 (during the pendency of said appeal), the said defendant McCalla or his assigns paid to or adjusted with the said McCartney (not to the clerk of the court as designated in the judgment) the said sum of money designated in said judgment as the ''purchase price'', and that thereupon Mr. C. E. McDowell received from the said McCartney a deed of conveyance by which the said McCartney conveyed to the said McDowell (not to the plaintiff as designated in the judgment) the premises purchased by the plaintiff as aforesaid, and for such reason the said McCartney then and there placed it out of her power to convey such property to the plaintiff; that by reason of the foregoing facts and of the said demand made by the plaintiff on the defendant on or about November 30, 1932, plaintiff has been damaged in the amount of the original purchase price of the lots with interest, no part of which has been paid.

The contention of the defendant in her reply brief is that the first count of the plaintiff's complaint fails to state a cause of action because all matters therein have been previously litigated, and also because the plaintiff could have obtained her deed in the original action by applying to the clerk of the court as a commissioner. It will be observed, however, assuming the facts to be true as alleged, that while the previous action was pending on appeal and before the judgment became final, indeed before the judgment became a lien on the property involved (see sec. 674, Code Civ. Proc.), the defendant McCartney placed it out of her power and therefore out of the clerk's power to successfully convey said property. Her successor in interest to the lots, the said McDowell, was not a party to the lawsuit, at least so far as appears upon the face of the complaint. The clerk of the

court could not execute a deed which would be good as against him unless and until he was made a party to the action or a judgment in an independent action had been obtained against him. It is apparent that the cause of action upon which the plaintiff was suing arose subsequent to the entry of the judgment in the preceding action. The action as alleged is based on a new set of facts not existing at the time of the former judgment. (*Silva* v. *Reclamation District No. 1001,* 41 Cal. App. 326 [182 Pac. 786], and cases cited.)

In her reply brief the defendant relies upon certain language used in *McCartney* v. *Campbell,* 208 Cal. 647 [284 Pac. 220]. That proceeding was upon a motion of the plaintiff herein to dismiss the appeal in the prior action upon the ground that the defendant herein by deed had conveyed said property to said McDowell. The court said: ''We can discern no merit whatever in the motion. There is no privity between respondent McCalla and respondent Timm. Their rights are in no sense interdependent. The adjustment did not include respondent Timm. The cause of action against her remains as before.'' Certainly the appellant in that action still had the right to present her appeal, the right to contend that the trial court had made errors of law which entitled her to a reversal, and if possible to defeat the judgment against her, and the motion to dismiss was without merit. But it is not precisely true, as claimed by the defendant, that in that proceeding ''the Supreme Court . . . held that the transfer of Mrs. McCartney of her interest in the lots claimed by Mrs. Timm did not affect the litigation in any way whatsoever''. Such a statement, if it had been made by the court, would have been wholly beyond the question presented by the motion for a dismissal and unnecessary to its decision.

The defendant also relies upon a statement in the case of *McCartney* v. *Campbell,* 216 Cal. 715 [16 Pac. (2d) 729], that ''It also appears that plaintiff [McCartney] has compromised certain claims, and that her interest in the litigation has succeeded to C. E. McDowell.'' It is a sufficient answer to say that this fact, if true, does not appear upon the face of the complaint. The statement, as quoted, was wholly unnecessary in the decision of the appeal. Furthermore, it would not necessarily be true that since McDowell had succeeded to the ''interests'' of McCartney he had also assumed her obliga-

tions and liabilities, or that she could free herself from such obligations without the consent of the plaintiff.

■ Certain defenses are set up by the defendant in an answer and there may be other defenses when the pleadings are finally formed and the issues joined; indeed, there may be several meritorious defenses to the plaintiff's cause of action, but we are discussing a ruling of the court which amounts to the sustaining of a general demurrer without leave to amend, and such defenses do not appear upon the face of the complaint. The first count of the complaint states a cause of action. For cases with somewhat similar reasoning see *Jackins* v. *Bacon,* 63 Cal. App. 463 [218 Pac. 1027]; *Cohen* v. *A. F. A. Realty Corp.,* 250 N. Y. 262 [165 N. E. 285].

■ The second count of the amended complaint is similar in all respects to the first except that instead of asking for the return of the purchase price with interest, it alleges the reasonable rental value of the premises so withheld from the plaintiff and asks judgment therefor. While the plaintiff manifestly would not be entitled to both the return of the purchase price and the rental value, and while this count may be subject to special demurrer, nevertheless it sufficiently states a cause of action to be good against a general demurrer without leave to amend.

■ The third cause of action alleges facts similar to the first except that it seeks to recover the sums alleged to have been actually and necessarily paid to obtain from McDowell the title conveyed wrongfully to him by defendant. What we have said with regard to the second count has equal applicability to the third. (*McCormick* v. *Marcy,* 165 Cal. 386 [132 Pac. 449]; *Standard Livestock Co.* v. *Pentz,* 204 Cal. 618 [269 Pac. 645, 62 A. L. R. 1239].)

Judgment reversed.

Wood, J., and Fricke, J., *pro tem.,* concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1935.

Thompson, J., voted for a hearing.