[Civ. No. 11903.   Second Appellate District, Division One.—June 5, 1940.]

G. E. ESTERGREN, Appellant, v. A. H. SAGER, Respondent.

Coleman E. Stewart for Appellant.

Webster & Lyon for Respondent.

WHITE, J.—Plaintiff and defendant were owners in common of a certain tractor. Plaintiff commenced this action to recover possession of the tractor and damages for loss of use. The complaint alleged that on February 23, 1935, the defendant "wrongfully and without plaintiff's consent seized said Allis-Chalmers Caterpillar Tractor and took the same into his own possession and converted the same to his own use, and has ever since said date refused to return said tractor to plaintiff or account to plaintiff for the use of said tractor or to compensate plaintiff for his interest therein". It was further alleged that the reasonable market value of the tractor on February 23, 1935, was $2,981.37, and that the usuable value thereof was $30 per day. The prayer was for recovery of possession of the personal property in question or in lieu thereof for the value of plaintiff's one-half interest therein, together with the sum of $15 per day from February 23, 1935, to the date of judgment. Defendant filed an answer and counterclaim, in the former of which the equal interests of plaintiff and defendant in the tractor were admitted, subject to the terms of a conditional sales contract upon which the machine was purchased, and further alleged that by reason of default in the payments due under such sales contract the seller repossessed the tractor on November 13, 1935. That defendant seized the tractor as alleged in plaintiff's complaint was denied by the answer, as was the alleged usable value of such tractor. By his counterclaim defendant sought the recovery of certain money allegedly due him by reason of the dissolution of a joint farming venture in which the parties were engaged and for use in which the tractor was acquired by them.

Trial by the court resulted in a denial of any relief to the plaintiff upon his complaint and a judgment for defendant in the sum of $582.21 upon the latter's counterclaim. From such judgment plaintiff prosecutes this appeal.

Upon the issue of deprivation of plaintiff from the use of and any control over said tractor, the evidence without conflict shows that while the tractor was rented out the plaintiff contacted the renter thereof and directed him to return the machine to plaintiff's ranch, while defendant requested that it be delivered to him. Heeding the latter's request, the

renter of the tractor delivered the same to defendant, who kept it in his barn. Going to defendant's ranch, plaintiff demanded of defendant that the latter permit him to use the tractor, which demand defendant rejected and maintained exclusive control over the machine. The testimony as to the value of the tractor was in conflict, ranging from $1,000 to $2,000, while the only testimony introduced as to the usable value of the tractor established that at $30 per day when rented out.

Plaintiff was not entitled to a judgment authorizing him to recover the chattel, because the complaint does not contain, nor did the evidence establish, the elements of a conversion, for the reason that the common property was in existence and in the possession of one of the co-owners. It was not lost or destroyed, nor removed from the state, and the interests of plaintiff and defendant were indivisible, the property not being of a kind which could be separated into portions absolutely alike in quality. The situation here presented does not bring the case within any of the classes in which an owner in common may recover for a conversion of the property by his co-owner. The instant controversy, therefore, comes within the rule that an owner in common of a chattel cannot maintain an action against his co-owner for a recovery of the specific chattel or the value of his undivided interest therein. However, plaintiff, having been excluded or ousted from possession of the tractor and from the rentals and profits incidental thereto, was entitled to recover his *pro rata* share of the reasonable rental value of such tractor during the period of such ouster. The record conclusively shows that defendant's conduct toward plaintiff amounted to an ouster and exclusion of plaintiff as a co-owner in the personalty. Defendant neither contended nor proved that he did not receive the rentals from the use of the tractor, as established by plaintiff. Therefore the court should have rendered judgment in favor of the plaintiff for his *pro rata* share of the rentals accruing from the common property of the parties.

It was error for the court to deny to defendant the right to prove the nature of the ownership by him and his co-owner and to show the repossession of the tractor by the original seller under a conditional sales contract. This was essential in order to establish the length of time defendant

held the tractor to the exclusion of plaintiff's right to participate in the possession thereof.

Respondent's contention that appellant has mistaken his remedy cannot be upheld. In considering the sufficiency of a complaint, the questions of proper designation of the action or the prayer for relief are not matters of serious concern. The important question is, does the complaint state any cause of action entitling plaintiff to any relief at law or in equity? (*Hayden* v. *Collins,* 1 Cal. App. 259 [81 Pac. 1120]; *Keele* v. *Clouser,* 92 Cal. App. 526 [268 Pac. 682]; *Luckey* v. *Superior Court,* 209 Cal. 360 [287 Pac. 450].) The court is clothed with jurisdiction to grant "any relief consistent with the case made by the complaint and embraced within the issue". (Code Civ. Proc., sec. 580; *Hinkel* v. *Crowson,* 83 Cal. App. 87 [256 Pac. 479].) Judged in the light of the rules just announced, we hold that the complaint herein stated a cause of action by one co-owner of a chattel to recover against the other such owner the former's *pro rata* share of the reasonable rental value of the property during the period when he was excluded or ousted from the possession thereof and from the rents and profits.

The judgment is reversed and the cause remanded for a new trial in accordance with the views herein expressed.

York, P. J., and Doran, J., concurred.