[Civ. No. 8715.   Third Dist.   Feb. 10, 1956.]

C. E. GLIDDEN et al., Appellants, v. H. E. WILLS et al., Defendants; GARLAN EPLEY et al., Respondents.

William H. Penaat for Appellants.

Heenan & Arnoldy for Respondents.

PEEK, J.—This is an appeal by plaintiffs from a judgment of dismissal entered pursuant to the court's order sustaining defendants' (Epley, individually and doing business as Retailers Credit Association, and Smith) general demurrer to plaintiffs' second amended complaint without leave to amend.

The sole question on appeal is whether or not plaintiffs'

complaint states a cause of action as against the defendants. In determining this proposition we are controlled by the well-established rule that, "In considering the sufficiency of a complaint, the questions of proper designation of the action or the prayer for relief are not matters of serious concern. The important question is, does the complaint state any cause of action entitling plaintiff to any relief at law or in equity?" (*Estergren* v. *Sager*, 39 Cal.App.2d 401, 404 [103 P.2d 177].)

Here the pertinent allegations of the complaint which was entitled, "SECOND AMENDED COMPLAINT IN CLAIM AND DELIVERY AND FOR DAMAGES," are that the plaintiffs are the owners and entitled to the possession of certain property in the possession of the defendant Wills as plaintiffs' bailee; that the defendant Epley, acting under the fictitious name of Retailers Credit Association, filed an action in the justice court and caused a writ of attachment to issue upon plaintiffs' property whereby the defendant Drewes, as constable, took the same into his possession. Thereafter Epley caused a writ of execution to issue and the property to be sold by Drewes to the defendant Smith. All of such acts are alleged to have been without the knowledge of plaintiffs; and it is also alleged that demand was made upon defendants for the return of the property but they refused. The prayer was for the return of the same or, in the alternative, damages for its conversion.

■ It is readily apparent from the complaint as summarized that plaintiffs charged the defendants "with exercising dominion" over property inconsistent with plaintiffs' ownership. This, said the court in *Haigler* v. *Donnelly*, 18 Cal. 2d 674, 681 [117 P.2d 331], "sets forth a good cause of action for conversion" in the absence of a special demurrer for uncertainty. This would be true as against a plaintiff causing an attachment to be levied and sale to be made under execution of personal property not owned by the person against whom the process runs (*Mission Fixture Co.* v. *Potter*, 26 Cal.App. 691 [148 P. 223]) as well as against the buyer at such a sale (*Jackins* v. *Bacon*, 63 Cal.App. 463 [218 P. 1027]). ■ It should be noted that contrary to the sole argument of respondents in support of the judgment, the summary remedy for asserting third party claims "is not exclusive." (19 Cal. Jur.2d, § 128, p. 524.)

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.