[Civ. No. 8230. Third Dist. Aug. 10, 1953.]

R. PIERCE WILSON et al., Appellants, v. ROBERT R. BARRY et al., Respondents.

Carroll Single and Charles L. Moore for Appellants.

Walter F. Pettit for Respondents.

SCHOTTKY, J.—This is an appeal from an order dismissing the action for failure to bring it to trial within the two-year period as provided in section 583 of the Code of Civil Procedure.

A former appeal was before this court involving an appeal from an order granting defendants' motion to withdraw alleged unauthorized appearances made in their behalf. The order granting the withdrawal of appearances was reversed as to defendant Barry but affirmed as to all defendants except defendant Barry, it being held that Barry's actions constituted a general appearance and that the withdrawal of appearance should not have been allowed as to him. (102 Cal.App.2d 778.)

The following is a chronology of the procedure in this case:

The complaint was filed on August 20, 1948, but no summons was issued nor was any attempt made to serve defendants;

Defendants demurred to the complaint on April 30, 1949, and also at that time made a motion for summary judgment with notice and supporting affidavit;

A first amended complaint was filed on August 18, 1949, and a demurrer was interposed thereto on August 29, 1949;

On October 5, 1949, a motion to withdraw unauthorized appearances was filed, with notice and supporting affidavits;

On December 8, 1949, the demurrer to the first amended complaint was overruled and defendants were given 20 days in which to answer;

On December 16, 1949, the motion to withdraw unauthorized appearances was granted by the trial court;

Notice of the above referred to prior appeal was filed by plaintiffs on February 14, 1950;

On March 12, 1951, the above referred to opinion of this court was filed;

On April 4, 1951, defendants filed a memorandum required to set cause for trial;

Remittitur was filed on May 14, 1951;

On July 12, 1951, defendant Barry filed his answer to the amended complaint;

On July 19, 1951, defendants, through their attorney, Frank M. McAuliffe (who was their attorney throughout the litigation until after the filing of the present appeal), filed and served a Notice of Time and Place of Trial, to the effect that the trial was set for August 14, 1951;

On August 29, 1951, defendant filed and served notice that the trial was set for October 3, 1951;

On September 20, 1951, defendants filed a motion to dismiss, with notice and supporting affidavits;

On October 3, 1951, the case was called to be heard on its merits, at which time the trial court heard the motion to dismiss and granted same;

On December 3, 1951, notice of the present appeal was filed.

It appears that plaintiffs were granted several continuances in the action, both on and off the record. Apparently some of the continuances were granted due to the fact that there were several substitutions of counsel for plaintiffs. It appears that five different counsel of record have represented plaintiffs.

Appellants contend that the action of the trial court in granting the motion to dismiss the action was arbitrary and capricious and was an abuse of discretion.

Section 583 of the Code of Civil Procedure provides in part as follows:

"The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due

notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial, . . ."

■ The intent of said section 583 has been well stated in *Hibernia Sav. & Loan Soc.* v. *Lauffer,* 41 Cal.App.2d 725, at page 729 [107 P.2d 494]:

". . . The purpose of said section 583, as indicated in *Romero* v. *Snyder, supra* [167 Cal. 216 (138 P. 1002)], at page 219 was 'to fix: 1. A minimum period within which mere delay is not deemed to be sufficient cause; 2. An immediately ensuing interval of three years, during which the court, in its discretion, may adjudge it sufficient; and, 3. A maximum period of five years, upon the expiration of which, the delay is declared to be sufficient as a matter of law and the dismissal is made mandatory.' "

The instant appeal involves the two-year provision of the section and the authorities indicate that a wide discretion rests in the trial court in applying this provision.

■ In *Jepsen* v. *Sherry,* 99 Cal.App.2d 119, the court said at page 120 [220 P.2d 822]:

"It is well settled that a court has inherent and statutory power to dismiss an action for a failure to prosecute it with diligence; *and that its action should not be disturbed unless an abuse of discretion clearly appears."* (Italics added.)

The court then went on to say on the same page:

■ "However, the two years mentioned in these statutes is not an arbitrary limit to be followed in all cases, but was intended as a general guide in determining whether or not a 'want of prosecution' appears and, if so, whether this power should be used in view of the entire situation. ■ *This discretion is one controlled by legal principles and is to be exercised in accordance with the spirit of the law and with a view to subserving, rather than defeating, the ends of substantial justice.* [Citation.] Each case must be decided on its own peculiar features and facts. [Citation.]" (Italics added.)

The record shows that the action was filed on August 20, 1948, and that the order of dismissal was filed on October 3, 1951. Thus it appears that less than 37½ months elapsed between the filing of the action and the order of dismissal. The appeal from the order granting defendants' motion to withdraw their appearance was filed on February 14, 1950, and the remittitur in that appeal was filed on May 14, 1951. If the 15 months consumed by said appeal were deducted from the total of 37½ months which elapsed between the

time of the filing of the action and the order of dismissal, it would leave a period of less than 23 months.

■ While we know of no case dealing with the propriety of computing time consumed by an appeal in dismissing an action not brought to trial within two years after the filing of the action, there are cases dealing with the question in connection with the five-year mandatory dismissal provisions of Code of Civil Procedure, section 583. The principles enunciated by those cases seem equally applicable to the instant case, considering it on its own peculiar facts.

In *Christin* v. *Superior Court*, 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], the complaint was filed on January 24, 1930. On July 17, 1930, the trial court granted a motion for change of venue from which plaintiff appealed on August 14, 1930. The order was reversed by the appellate court on March 22, 1934, the remittitur issuing on May 22, 1934. After various delays caused by demurrers and pending negotiations for settlement, the case was set for trial on August 12, 1936. On July 15, 1936, defendants moved for a dismissal on the grounds that the action had not been brought to trial within five years after filing. The court denied the motion and the case was reset for trial, whereupon defendants petitioned for a writ of prohibition. In answering whether or not the period of time consumed by the first appeal was to be considered the court at page 530 said:

"We are nevertheless of the opinion that the motion was properly denied for another reason. Respondent contends that while the appeal from the order changing venue was pending in the District Court of Appeal, it was not possible for the plaintiff to bring the cause to trial; and that upon the successful termination of this appeal, plaintiff was restored to his position at the time the erroneous order was made with the result that the statutory period provided by section 583 did not run during the interval of 3 years and 9 months. In our view this contention is sound, and the peculiar circumstances of this case must be deemed to give rise to one of the exceptions to the terms of section 583."

Further on, in speaking of analogous situations, the court said:

". . . Thus, where an appeal from a judgment is taken, the trial court has no jurisdiction to proceed in the cause during the pendency of the appeal, and consequently the time consumed on appeal is not considered as part of the statutory period. (*Kinard* v. *Jordan*, 175 Cal. 13 [164 Pac. 894].) And

where contestants of a will were induced by fraud to consent to a dismissal of their contest, and later had the dismissal vacated, the court held that the time between the dismissal and the reinstatement of the action was to be excluded in computing the five-year period. (*Estate of Morrison,* 125 Cal.App. 504 [14 Pac. (2d) 102].) See, also, *Allyne* v. *Superior Court,* 200 Cal. 661 [254 Pac. 564].)''

In discussing the *Estate of Morrison,* the court said, at page 533:

''The theory of this decision seems to us to be equally applicable to a situation where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile.''

Finally, the court said, at page 533:

''. . . If the actual time on appeal had consumed the whole of the five-year period, could plaintiff have been held barred from going to trial? This would be an amazing miscarriage of justice, penalizing conduct entirely reasonable, and inducing procedure detrimental to the interests of both court and litigants. And the same is true where not the whole period, but a substantial part of it is consumed on appeal. We are therefore led to the conclusion that under the circumstances of this case, the time consumed by the appeal from the order changing venue is not to be counted as part of the five-year period specified by section 583 of the Code of Civil Procedure.''

In a later case, *Westphal* v. *Westphal,*. 61 Cal.App.2d 544 [143 P.2d 405], in dealing with a problem like that in the Christin case, *supra,* the court said, at page 547:

''It is settled that the time during which it is impossible to bring a case to trial because of the pendency of an appeal should be excluded in determining whether a case has been brought to trial within five years of the filing of the complaint. (*Kinard* v. *Jordan,* 175 Cal. 13 [164 P. 894]; *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153].) The basic dispute between the parties on this appeal is whether the pendency of the appeal of the other plaintiffs made it impossible (*Kinard* v. *Jordan, supra*) or 'for all practical purposes' impossible (*Christin* v. *Superior Court, supra,* p. 533) for appellants herein to proceed to trial while that appeal was pending.''

And in the Westphal case the contention was made by respondent that the dismissal by the trial court made upon a

motion under the five-year mandatory provision of Code of Civil Procedure, section 583, could be upheld as an exercise of the trial court's discretionary power to dismiss under the two-year provision of Code of Civil Procedure, section 583. In answer to this the court said, at page 551:

"2. Since the amendment of section 583 Code of Civil Procedure to give discretionary power to the trial court to dismiss for want of prosecution 'whenever plaintiff has failed for two years after action is filed to bring such action to trial' instead of 'for two years after answer filed' as theretofore, the court has no power to dismiss for any delay of less than two years 'after action is filed,' since the effect of that amendment was to suspend the power of the court to dismiss for want of prosecution short of the two-year period after the filing of the action. (*Hibernia Sav. & Loan Soc.* v. *Lauffer,* 41 Cal.App.2d 725, 729 [107 P.2d 494] ; *Romero* v. *Snyder,* 167 Cal. 216, 219-220 [138 P. 1002].) Excluding the time during which the appeal of their coplaintiffs was pending less than two years elapsed between the filing of the action and its dismissal."

The Westphal case appears to lay down the rule that the time consumed by an appeal is not to be considered in applying the two-year discretionary provision of section 583.

However, under the language of the Christin and Westphal cases, before it can be said unequivocally that the time consumed by the former appeal is not to be considered in the instant case we must determine whether the pendency of said appeal made it "impossible" or "for all practical purposes impossible" for plaintiffs to proceed to trial while the appeal was pending.

The record shows that the complaint was against defendants Robert R. Barry, Wilford Carey, administrator, Fred Dunning, Coleman Burke, Plumas Land Company, Plumas Mining Company, Plumas Lumber Company, California Trust Company, and various Does. Barry, Burke and Dunning were apparently officers and directors of the three Plumas companies, and Carey was the administrator of a deceased director and officer. The complaint set up four causes of action against the various defendants, praying for: (1) Damages for the misconduct and mismanagement of the directors Barry, Carey, Dunning and Burke (apparently on the theory of a stockholders' derivative action) ; (2) Delivery of a promissory note and title to realty obtained from Plumas Land Company by defendants upon false representation, to the

person legally entitled thereto, or damages therefor; (3) Accounting by the defendants Barry, Carey, Dunning and Burke of their management of corporate funds and property; (4) Appointment of a receiver; (5) Injunction against the individual defendants from disposing of corporate assets at a loss or sacrifice, etc. Therefore, it appears that the action was, in reality, against the defendants Barry, Carey, Dunning and Burke, the Plumas companies being joined only because the actions were of derivative nature. Too, the type of relief sought was *in personam* against the defendant, and not *in rem*, except insofar as the realty involved was concerned. Thus when the trial court granted the withdrawal of the appearances of the defendants Barry, Carey, Dunning, Burke, and California Trust Company, there were really no defendants against whom plaintiff could proceed. ■ By the withdrawal of the appearances of the individual defendants, all jurisdiction over them was lost. (5 Cal.Jur.2d, Appearance, §§ 4, 12, 38.) Respondents argue that after the granting of motion to withdraw appearances plaintiffs had two courses of action open by which they might save their case: (1) To contest the granting of the motion by an appeal; (2) To serve the withdrawn defendants by publication under Code of Civil Procedure, sections 412 and 413. Plaintiffs chose the first course.

We do not believe that plaintiffs could have obtained jurisdiction to secure the *in personam* relief and judgment prayed for by them by publication of summons as defendants Barry, Carey, Dunning and Burke were residents of New York. ■ The authorities interpreting sections 412 and 413 of the Code of Civil Procedure are to the effect that service by publication confers only *in rem* and not *in personam* jurisdiction over defendants so served, and therefore only an *in rem* and not *in personam* judgment or relief could be given. (*Pennoyer* v. *Neff*, 95 U.S. 714 [24 L.Ed. 565]; *Pinon* v. *Pollard*, 69 Cal.App.2d 129 [158 P.2d 254].) As was said by our Supreme Court in *Frey & Horgan Corp.* v. *Superior Court*, 5 Cal.2d 401, at page 404 [55 P.2d 203]:

"The general rule has long been established that a court may not acquire jurisdiction *in personam* over the defendant in an action, by service of notice or other process outside the territory or state in which the forum exists. It was so decided in the case of *Pennoyer* v. *Neff*, 95 U.S. 714 [24 L.Ed. 565], and there are innumerable decisions in accordance with that authority."

We, therefore, conclude that it would have been ''for all practical purposes impossible'' for these plaintiffs to bring the case to trial during the pendency of the former appeal, since only by the reversal of the order granting defendants' motion to withdraw their appearance could plaintiffs obtain jurisdiction over them to obtain the relief sought. Therefore, it is clear that under the authority of the Westphal and Christin cases, *supra,* the 15 months consumed by the former appeal should not have been included in computing delay for the purpose of a dismissal under Code of Civil Procedure, section 583, and the case was actually ready for trial and set for trial less than 23 months after the filing of action. Under section 583 the court had no power to dismiss for want of prosecution short of the two-year period after the filing of the action, and the court erred in granting the motion for dismissal.

Even if the 15 months consumed in the former appeal could not be deducted from the total of 37½ months which elapsed between the filing of the action and the entry of the order granting the motion to dismiss, we believe that the granting of said motion would still amount to an abuse of discretion. For the discretion mentioned in section 583 of the Code of Civil Procedure ''is one controlled by legal principles and is to be exercised in accordance with the spirit of the law and with a view to subserving, rather than defeating, the ends of justice.'' (*Jepsen* v. *Sherry, supra.*)

The record in the instant case discloses a most unusual situation. The complaint was filed on August 20, 1948, but no summons was issued and no service was made on defendants. On April 30, 1949, Attorney Frank M. McAuliffe filed a demurrer, signing same as attorney for all defendants. On the same date he filed a motion for summary judgment, signing same as attorney for all defendants. The demurrer was sustained and an amended complaint was filed on August 18, 1949, and on August 29, 1949, Attorney McAuliffe filed a demurrer thereto, signing same as attorney for defendants. Then on October 5, 1949, Attorney McAuliffe filed a notice of motion on behalf of all defendants to withdraw the appearance made on behalf of said defendants on the ground that said appearance was unauthorized by any of said defendants. This motion was granted by order made on December 16, 1949, which order was reversed on appeal as to defendant Barry. Thereafter on April 4, 1951, after the filing of the decision of this court in the former appeal, Attorney Mc-Auliffe, as attorney for defendants Barry, Plumas Land Com-

pany, Plumas Mining Company and Plumas Lumber Company, filed a memorandum to set the case for trial. On July 12, 1951, the answer of the defendant Barry was filed. On July 19, 1951, and again on August 29, 1951, defendants filed and served a notice of time and place of trial, the last notice stating that the trial had been set for October 3, 1951. Then on September 20, 1951, defendants filed a notice of motion to dismiss the action, said notice stating that it would be made on October 3, 1951, the time set for the trial. Said notice of motion was mailed to the plaintiffs, at Taylorsville, California, but was not mailed to the new counsel for plaintiffs (although defendants' counsel had been in communication with him) and plaintiffs' counsel did not know of said motion until a few hours before the time set for the hearing thereof, as plaintiffs were away from home and did not receive their mail until they were on their way to the trial. Plaintiff R. Pierce Wilson and his counsel appeared in court on October 3, 1951, and were ready to proceed with the trial of the case, but the court ordered that the motion to dismiss be heard first, and after argument upon said motion granted same.

In the early case of *Lybecker* v. *Murray*, 58 Cal. 186, the court said at page 189:

". . . Under no circumstances is the discretion of the Court to be exercised arbitrarily, but it is a discretion, governed by legal rules, to do justice according to law or to the analogies of the law, as near as may be. . . . It must be exercised within the limitations above stated to promote substantial justice in the case."

In *Berry* v. *Chaplin*, 74 Cal.App.2d 669, the court said at page 672 [169 P.2d 453]:

"In a legal sense discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered. (*Makzoume* v. *Makzoume*, 50 Cal.App.2d 229, 231 [123 P.2d 72].) An abuse of discretion is never presumed but must be affirmatively established by the party complaining of the provisions of the order. [Cases cited.] The burden is on the party complaining of the order to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice an appellate court will not substitute its opinion and thereby divest the trial court of its discretionary power. [Cases cited.]"

And in *Fine* v. *Fine,* 76 Cal.App.2d 490, the court said at page 495 [173 P.2d 355] :

"In determining the question as to whether an abuse of discretion occurred in this case, we have in mind the language employed in *Clavey* v. *Lord* (1891), 87 Cal. 413 [25 P. 493], where the court said (p. 419) : 'The only limitation that the law has placed upon the exercise of discretionary judicial power is, that it must not be abused. While it may be difficult to define exactly what is meant by abuse of judicial discretion, and whatever it may imply as to the disposition and motives of the judge, it is fairly deducible from the cases that one of its essential attributes is, that it must plainly appear to effect injustice.' (See, also, *Hale* v. *Hale* (1935), 6 Cal.App.2d 661, 663 [45 P.2d 246].)''

See, also, *Estate of Selb,* 93 Cal.App.2d 788 [210 P.2d 45].

We are convinced that taking into consideration the facts and circumstances shown by the record in the instant case there was an abuse of discretion in granting the motion to dismiss the action. As was said in *Berry* v. *Chaplin, supra*: "In a legal sense, discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered.'' Here plaintiffs had commenced an action in which, among other things, they sought a personal judgment against defendants who were nonresidents of California. Service by publication would avail them nothing so far as obtaining a judgment *in personam* is concerned. Eight months after the filing of the action a demurrer purporting to be on behalf of all defendants was filed by a member of the bar. Four months thereafter a demurrer to the amended complaint was filed, and then followed the proceedings hereinbefore enumerated. Following the filing of the opinion of this court in the former appeal, and even before the remittitur had come down, respondents filed a memorandum to set the cause for trial, and thereafter had the case set for trial and notice of time and place of trial given. While the purpose of the two-year provisions in Code of Civil Procedure, section 583, undoubtedly was to prevent unreasonable delay in the prosecution of actions, we do not believe that it was ever the intention of the Legislature to provide that it would be a proper exercise of judicial discretion to grant a motion for dismissal of the action under the circumstances shown by the record here. As a matter of sound public policy litigation should be disposed of upon

substantial rather than upon technical grounds. We do not believe that, under the authorities hereinbefore cited, the term ''judicial discretion'' is broad enough to sustain such a determination, and we, therefore, conclude that the granting of the motion to dismiss would be an abuse of discretion even though we are not correct in our conclusion that the 15 months consumed by the former appeal should be deducted from the total of 37½ months which elapsed between the filing of the action and the granting of the motion. We are unable to understand how the granting of respondents' motion to dismiss, a motion filed less than one month after respondents themselves had filed and served notice of time and place of trial, and on the very day that the case was on the calendar for trial, can be held to be a proper exercise of judicial discretion. For as stated in *Jepson* v. *Sherry, supra,* the discretion to be exercised in such a case is ''one controlled by legal principles and is to be exercised in accordance with the spirit of the law and with a view to subserving, rather than defeating, the ends of justice.''

No other points raised in the briefs require discussion.

The order of dismissal is reversed.

Van Dyke, P. J., and Peek, J., concurred.