[Civ. No. 9414.   Third Dist.   Mar. 5, 1959.]

R. PIERCE WILSON et al., Appellants, v. ROBERT R. BARRY et al., Respondents.

Wells & Baldwin for Appellants.

Walter F. Pettit for Respondents.

WARNE, J. pro tem.*—This is an appeal from an order dismissing the action for failure to bring it to trial within the five-year period as provided by section 583 of the Code of Civil Procedure.

Two former appeals were before this court.   The first appeal

---

*Assigned by Chairman of Judicial Council.

was from an order granting defendants' motion to withdraw alleged or unauthorized appearances made in their behalf. The order granting the withdrawal of appearances was reversed as to defendant Barry but affirmed as to all defendants except defendant Barry. (*Wilson* v. *Barry,* 102 Cal.App.2d 778 [228 P.2d 331].) The second appeal was from an order dismissing the action for failure to bring it to trial within the two-year period as provided in section 583 of the Code of Civil Procedure. The judgment was reversed. (*Wilson* v. *Barry,* 119 Cal.App.2d 621 [259 P.2d 991].)

The following is a chronology of the procedure in this case:

The complaint was filed on August 20, 1948, but no summons was issued nor was any attempt made to serve defendants;

Defendants demurred to the complaint on April 30, 1949, and also at that time made a motion for summary judgment with notice and supporting affidavits;

A first amended complaint was filed on August 18, 1949, and the demurrer was interposed thereto on August 29, 1949;

On October 5, 1949, a motion to withdraw unauthorized appearances was filed, with notice and supporting affidavits;

On December 8, 1949, the demurrer to the first amended complaint was overruled and defendants were given 20 days in which to answer;

On December 16, 1949, the motion to withdraw unauthorized appearances was granted by the trial court;

Notice of the above referred to first appeal was filed by plaintiffs on February 14, 1950;

On March 12, 1951, the above referred to opinion of this court was filed; (102 Cal.App.2d 778 [228 P.2d 331].)

On April 4, 1951, defendants filed a memorandum required to set cause for trial;

Remittitur was filed on May 14, 1951;

On July 12, 1951, defendant Barry filed his answer to the amended complaint;

On July 19, 1951, defendants, through their attorney, Frank M. McAuliffe (who was their attorney throughout the litigation until after the filing of the second appeal), filed and served a Notice of Time and Place of Trial, to the effect that the trial was set for August 14, 1951;

On August 29, 1951, defendant filed and served notice that the trial was set for October 3, 1951;

On September 20, 1951, defendants filed a motion to dismiss, with notice and supporting affidavits;

On October 3, 1951, the case was called to be heard on its merits, at which time the trial court heard the motion to dismiss and granted same;

On December 3, 1951, notice of the second appeal was filed;

On August 10, 1953, opinion of this court was filed reversing order of trial court; (119 Cal.App.2d 621 [259 P.2d 991].)

On October 9, 1953, remittitur issued by this court;

On October 13, 1953, remittitur filed in trial court; plaintiff filed a memorandum to set cause for trial;

On October 19, 1953, trial court, by minute order, set the case for trial on March 9, 1954; and all parties were notified in writing by clerk;

On March 9, 1954, the cause was called for trial. Neither plaintiffs nor their counsel appeared for trial. Robert R. Barry, one of the defendants, was present, as was Theodore G. Elges, Esq., apparently of counsel for defendants, but described in the minutes as "amicus curiae;" Mr. Elges drew the court's attention to the fact that no notice of time and place of trial had been served by plaintiffs or received by defendants; the court vacated the order setting the case for trial on March 9, 1954;

Thereafter, the record is devoid of activity on plaintiffs' part until on March 16, 1956, plaintiffs filed a motion entitled "Plaintiffs' Motion—to Tax Cost—Set for Trial—Frame Issues — Appoint Care-taker — Take Depositions, Etc." (Among other subjects of the motion, plaintiffs moved to set the cause for trial before a jury at the earliest convenient date, pointing out that the case had been twice appealed by plaintiffs and that remittiturs had been filed by this court upon two occasions);

On March 26, 1956, plaintiffs' motion of March 16, 1956, was called; Mr. Carroll Single, Esq., attorney for plaintiffs was present; the defendants were not present, nor were they represented by their counsel; Mr. Single addressed the court relative to the motion; the court directed that the case be placed on the civil active list and continued all pending matters to April 9, 1956;

On April 9, 1956, plaintiffs' motion of March 16, 1956, was again called, Honorable A. K. Wylie, Judge Assigned, presiding; Mr. Single was heard in support of the motions, and Mr. Winslow Christian, Esq., of counsel for defendants, argued against the motions; the court continued the matter to 4:00 p. m. of said date, to be called in chambers, at which time the court ordered *inter alia* that the case be set for trial by jury on a date to be set by Judge Janes;

On April 13, 1956, the court ordered the case set for trial on July 16, 1956;

On April 18, 1956, the court, upon its own motion, reset the case for trial on September 25, 1956;

On April 20, 1956, plaintiffs filed Notice of Time and Place of Trial, to the effect that trial was set for July 16, 1956, without proof of service upon defendants;

On July 16, 1956, no appearance made and no minute order entered;

On July 27, 1956, the court, upon its own motion, due to the priority of criminal matters, continued the case for trial from September 25, 1956, to October 29, 1956;

On October 8, 1956, the court, upon its own motion, continued the case for trial from October 29, 1956, to the next day, October 30, 1956;

On October 22, 1956, defendants filed a motion to dismiss under Code of Civil Procedure, section 583, together with notice and supporting affidavits, noticing said motion for hearing on October 30, 1956;

On October 23, 1956, pursuant to the provisions of the Code of Civil Procedure, section 631, the clerk notified the defendants that plaintiffs, who had demanded a jury trial, had failed to deposit jury fees in accordance with requirements of said section;

On October 30, 1956, plaintiffs filed a discharge of their attorney, Carroll Single, Esq., accepted in writing by said attorney; the matter came on this date for trial, and for hearing of defendants' motion to dismiss; R. Pierce Wilson, one of the plaintiffs, was present without counsel, plaintiffs having this date discharged Mr. Single as their attorney; Walter F. Pettit, Esq., counsel for defendants, appeared for defendants; plaintiffs not being represented by counsel, the court continued the motion to dismiss for hearing to November 13, 1956, and advised plaintiff R. Pierce Wilson to be prepared for the hearing on that date; the court also ordered the matter continued for trial to said date;

On November 13, 1956, the matter came before the court upon defendants' motion to dismiss, etc.;

On May 1, 1957, order dismissing action filed.

Section 583 of the Code of Civil Procedure provides that:

". . . Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where

the parties have filed a stipulation in writing that the same may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable . . . upon due diligence, in which event said period of absence or concealment shall not be part of said five-year period. . . ."

In *Rose* v. *Knapp*, 38 Cal.2d 114, 117 [237 P.2d 981], the court said: "The provision of section 583, requiring dismissal if an action is not brought to trial within five years after the filing of the complaint unless the parties have stipulated for an extension of the period, is mandatory, but it is subject to implied exceptions. As stated in *Christin* v. *Superior Court*, 9 Cal.2d 526, 532-533 [71 P.2d 205, 112 A.L.R. 1153], 'The purpose of the statute is plain: to prevent *avoidable* delay for too long a period. It is not designed arbitrarily to close the proceeding at all events in five years. . . .' And one exception has been recognized 'where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile.' (Citing cases.) What is impossible, impracticable or futile must, of course, be determined in the light of the facts of the particular case." (See also *Southern Pac. Co.* v. *Superior Court of Sacramento County*, 157 Cal.App.2d 168 [320 P.2d 911].) The record shows that the instant case was set for trial on two occasions, the first time it was set for March 9, 1954. On this occasion the court vacated the order setting it for trial, since, when called, neither plaintiffs nor their counsel were present. Thereafter, nothing was done to have the case again set for trial until March 16, 1956, when plaintiffs filed a motion to set the case for trial before a jury and the court pursuant to said motion, on April 13, 1956, ordered the case set for jury trial on July 16, 1956. However, on April 18, 1956, the court, upon its own motion, reset the case for trial on September 25, 1956, which after deducting the time jurisdiction of the trial court was suspended by the two appeals was one day after the expiration of the five-year period provided by section 583. The record does not disclose why the trial date was continued from July 16, 1956, to September 25, 1956, but it does show that on July 27, 1956, "due to the priority of criminal matters," the case was ordered continued for trial from September 25, 1956 to October 29, 1956.

Plaintiffs urge that such action of the trial court in con-

tinuing the case beyond the five-year period brings the matter within the purview of such cases as *Christin* v. *Superior Court, supra,* wherein it is stated, at page 530, that ''despite the mandatory language of the statute, *implied exceptions* have been recognized where it was *not possible* to bring the cause to trial.'' However, as stated in *Bank of America* v. *Moore & Harrah,* 54 Cal.App.2d 37, 41 [128 P.2d 623] : ''The obvious weakness in plaintiff's position is that the record does not show that plaintiff *could not* have brought the action to trial within the five-year period.'' Nor is there any showing that plaintiffs, after learning of the court's continuance beyond the July 16, 1956, setting, called the court's attention to the fact that the continuance to September 25, 1956, was not within the five-year period. Further, there is no showing that plaintiffs made any objection thereto or sought to have it advanced to a date prior to the running of the statute. Under such circumstances, we feel it may be said that if the plaintiffs, upon learning of the postponement beyond the July 16th date, had called the court's attention to the consequences which would flow from it they could undoubtedly have secured an earlier date for the trial, or possibly a stipulation from opposing counsel waiving the benefit of the statute. (See *Ravn* v. *Planz,* 37 Cal.App. 735, 736 [174 P. 690] and *Bank of America* v. *Moore & Harrah, supra.*)

We conclude that the trial court properly granted the defendants' motion to dismiss.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.