[Civ. No. 655. Fifth Dist. Nov. 7, 1966.]

JOHN PATRICK FAY, a Minor, etc., Plaintiff and Appellant, v. CARROLL FRANCIS MUNDY et al., Defendants and Respondents.

Kinkle, Rodiger, Graf & Dewberry, Harney, Ford & Schlottman and Robert E. Ford for Plaintiff and Appellant.

Raymond & Keon, Raymond & Noriega and Robert L. Raymond for Defendants and Respondents.

CONLEY, P. J.—Within five years from the date he filed his action and after his counsel had overcome unusual difficulties in preparing for trial, had taken some 21 depositions, participated in a pretrial conference, and announced themselves ready immediately to try the case, John Patrick Fay, a nine-year-old minor of deficient mentality, was faced with an order dismissing his malpractice suit on the ground of lack of prosecution, pursuant to the first sentence of section 583 of the Code of Civil Procedure. While this court is mindful of the fact that the code section was enacted to help to eliminate delay in the trial of cases, we cannot escape the conclusion that, in the circumstances here presented, this order of dismissal constituted a manifest abuse of discretion.

 In his opinion in *Vecki* v. *Sorensen,* 171 Cal.App.2d 390, 393 [340 P.2d 1020], Mr. Justice Tobriner also expresses our views when he says: ''We approach the case in the light of recognition of the fact that courts exist primarily to afford a forum for the settlement of litigable matters between disputing parties. Over a long and bitter history this peaceful method of adjudication has replaced other and primitive, and indeed physical, means of resolution (Frank, Courts on Trial, Princeton University Press (1949), pp. 5-13.) To deny the forum upon the ground that one or the other party has sacrificed it because the procedure has itself been too slow does not appeal to a mature sense of justice. Only the most compelling reasons would support a surrender of this necessary and valued right of resolution for any such cause.''

In furthering its general objective, the code section mentions three different time periods to be considered. The first one states that in the interval between two years and five years after the filing of a complaint, a trial court, in its discretion,

may dismiss an action for want of prosecution. After five years, the requirement of dismissal for lack of prosecution is said to be "mandatory." And a three-year period is mentioned for dismissal when there is a failure to bring a case to trial within three years after the granting of a new trial or the reversal of a case on appeal. However, this does not mean that after the expiration of the respective periods, there is a lack of jurisdiction to proceed. To some extent, reasons incorporated in the code section itself permit additional time in specified circumstances. For example, the "mandatory" provisions relating to the five-year time limit may be bypassed through a written stipulation by counsel for the respective parties, and there are numerous implied exceptions to the time limits.

The books are full of cases in which dismissals have been ordered within the periods mentioned, and the rules, in ordinary situations, are rather stringently applied in support of such dismissals. Speaking of the discriminatory right to dismiss in the two-to-five year period, it is often reiterated that the trial court has considerable discretion in the matter; that plaintiffs owe a duty to prosecute their actions with reasonable diligence during the entire period; that a defendant does not owe such a duty; that appellate courts will not normally interfere with the discretion of the trial court as exercised, except that when there is a manifest abuse of discretion on the part of the lower court, an appellate tribunal will not hesitate to set aside the order of dismissal. That this court is familiar with the frequent applicability of these rules is demonstrated by the fact that we have more than once endorsed them in cases heard by us. (*Rouse* v. *Palmer*, 197 Cal.App.2d 666 [17 Cal.Rptr. 509]; *McDonald Candy Co.* v. *Lashus*, 200 Cal.App.2d 63 [19 Cal.Rptr. 137]; *McKenzie* v. *Albaeck*, 219 Cal.App.2d 97 [32 Cal.Rptr. 762]; *Chapin* v. *Superior Court*, 234 Cal.App.2d 571 [44 Cal.Rptr. 496].)

Mr. Justice Peek points out in *Jensen* v. *Western Pac. R.R. Co.*, 189 Cal.App.2d 593, 597 [11 Cal.Rptr. 444], that the statutory rule set up by section 583 of the Code of Civil Procedure ". . . is not without its limitations." In the opinion, he says: "Thus it has been held that if there is a valid or reasonable excuse for the delay, then to dismiss the case under the discretionary provisions of section 583 of the Code of Civil Procedure is an abuse of discretion. (*Jepsen* v. *Sherry*, 99 Cal. App.2d 119, 120 [220 P.2d 819].) Or even if after five years it was 'impossible, impractical,' or 'futile' a plaintiff's failure to prosecute may be excused. (*Pacific Greyhound Lines* v.

*Superior Court,* 28 Cal.2d 61 [168 P.2d 665].) Because of the many and varied situations which may arise it is also well established that each case should be viewed in the light of its own particular facts. (*Ordway* v. *Arata,* 150 Cal.App.2d 71 [309 P.2d 919].)''

In *Daley* v. *County of Butte,* 227 Cal.App.2d 380, 394 [38 Cal.Rptr. 693], the court reversed a judgment of dismissal under the two-year provision of section 583, stating the basic rule as follows: ''The two-year period is not an arbitrary limit, but simply a general guide to determine whether 'want of prosecution' appears and, if so, whether the power to dismiss should be used in view of the facts of the entire situation. (*Jepsen* v. *Sherry, supra,* 99 Cal.App.2d at pp. 120-121.) Under the unusual circumstances of this case, dismissal for want of prosecution would defeat rather than promote substantial justice, constituting an abuse of discretion. (*Ordway* v. *Arata, supra,* 150 Cal.App.2d at pp. 75-79; *Wilson* v. *Barry,* 119 Cal.App.2d 621, 624 [259 P.2d 991].)''

*Jepsen* v. *Sherry,* 99 Cal.App.2d· 119, 122 [220 P.2d 819], reversed a judgment of dismissal under the two-year provision of section 583 of the Code of Civil Procedure, saying:

*''In most of the cases where such a dismissal has been sustained either nothing was done by the plaintiff or no valid excuse for the delay was shown, and no unusual circumstances appeared.* Unreasonable delay in litigation should be avoided, but all the circumstances should be carefully considered before a plaintiff is denied relief without a hearing. While it appears here, technically, that more than two years had elapsed before the trial date and that some of the delay was probably unnecessary, the excuse for the delay is not entirely unreasonable and there are other considerations which should not be overlooked.'' (Italics added.)

The court further stated, at page 123, inasmuch as much of the delay was caused by the activities of the defendants, that ''The circumstances here were unusual, all of them should be considered, and an unjust effect should not be given to this procedural rule, which is merely optional. The defendants may owe the plaintiff nothing, but under the circumstances substantial justice requires that this issue should be determined by a trial on the merits. The drastic order made is not sustained by the record before us, and an abuse of discretion clearly appears.''

In *Ordway* v. *Arata,* 150 Cal.App.2d 71, 78 [309 P.2d 919], the court reversed a judgment of dismissal under the two-year

provision of section 583 of the Code of Civil Procedure, saying: "We have concluded that taking into consideration the facts and circumstances shown by the record in the instant case there was an abuse of discretion in granting the motion to dismiss the action. As was said in *Berry* v. *Chaplin, supra* [74 Cal.App.2d 669 (169 P.2d 453)], 'In a legal sense discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered.' While the purpose of the two year provisions in section 583 of the Code of Civil Procedure undoubtedly was to prevent unreasonable delay, we do not believe that it was ever the intention of the Legislature to provide that it would be a proper exercise of judicial discretion to grant a motion for dismissal of an action under the circumstances shown by the record here. As a matter of sound public policy litigation should be disposed of upon substantial rather than on technical grounds." In *Stephens* v. *Baker & Baker Roofing Co.,* 130 Cal.App.2d 765, 771 [280 P.2d 39], the court affirmed an order vacating an order of dismissal. In that case, after reviewing the factual situation, which demonstrated that many of the delays in bringing the action to trial were at the request of the defendants' attorney, the court stated: "It should be pointed out, too, that the undenied fact is that most of the delay in bringing the case to trial was due to plaintiff's acquiescence in defendants' requests and that while defendants' affidavit upon which the court apparently acted in dismissing the case, stated that plaintiff was not diligent, *the correspondence between the maker of the affidavit and plaintiff's counsel* in the latter half of 1953 *belied that statement.*" (Italics added.)

It seems clear from many well-reasoned opinions that each case must be examined with respect to its own peculiar features and facts, and that if there has been a manifest abuse of discretion, the appellate court owes a duty to set aside such a dismissal. (*Raggio* v. *Southern Pac. Co.,* 181 Cal. 472, 475 [185 P. 171]; *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665]; *Judson* v. *Superior Court,* 21 Cal.2d 11 [129 P.2d 361]; *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Rose* v. *Knapp,* 38 Cal.2d 114 [237 P.2d 981]; *Woley* v. *Turkus,* 51 Cal.2d 402, 406-407 [334 P.2d 12]; *Wilson* v. *Barry,* 119 Cal.App.2d 621 [259 P.2d 991]; *City of Pasadena* v. *City of Alhambra,* 33 Cal.2d 908, 916 [207 P.2d 17]; *Reeves* v. *Hutson,* 144 Cal.App.2d 445, 453 [301 P.2d 264]; *Jensen* v. *Western Pac. R.R. Co., supra,* 189

Cal.App.2d 593; *Smithers* v. *Ederer,* 146 Cal.App.2d 227, 230 [203 P.2d 771]; *Ordway* v. *Arata, supra,* 150 Cal.App.2d 71.)

Let us examine the record with respect to the termination of this litigation by court order. On July 19, 1961, the Fays, mother and son, filed a complaint for malpractice alleging that on August 27, 1956, John Patrick Fay was born in the Mercy Hospital in Kern County, that, during pregnancy, the mother, Betty Fay, was under the care of Dr. Carroll Francis Mundy, that at the birth of the child she was attended by Dr. Mundy and Dr. Leroy Smale, and that the defendant doctors and the hospital negligently failed to give them proper medical care, so that as a result the baby was injured and caused permanent mental, physical, and nervous damage in the amount of $500,000; the plaintiffs asked leave to amend their pleadings later to specify the exact amount of medical and other expenses for care, education, observation, and maintenance of the minor.

Defendants' demurrer was sustained with 30 days leave to amend granted to plaintiffs; on October 4, 1961, an amended complaint for malpractice was filed; again, defendants' demurrer was sustained on the ground that the statute of limitations barred any action by the mother; 30 days were allowed to amend. On December 22, 1961, plaintiff filed a second amended complaint for malpractice, restricted to a claim on behalf of the minor plaintiff. Answers were filed by the defendants on January 2, 1962.

It should be noted that the action was commenced one year and 39 days before the expiration of the six-year period prescribed by the statute of limitations (Civ. Code, § 29). The filing of a suit for injury to a person at, or before, his birth is regulated by the foregoing Civil Code section. But with respect to any injury which such person claims to have received immediately after his birth, the statute of limitations does not commence to run until he attains his majority. (Code Civ. Proc., §§ 340, subd. 3 and 352 subd. 1; *Cross* v. *Pacific Gas & Elec. Co.,* 60 Cal.2d 690, 692 [36 Cal.Rptr. 321, 388 P.2d 353].) Here the attorneys for the minor plaintiff claim that the defendants negligently injured him both at the time of birth and immediately thereafter, so that both section 29 of the Civil Code and section 352 of the Code of Civil Procedure apply. In other words, the state of the law concerning the right to claim damages for alleged injury by a person in connection with his birth and immediately thereafter extends

for six years as to the one and 22 years as to the other; in this condition of affairs, it is obvious that a physician or hospital dealing with obstetrical cases must be prepared generally to face a suit alleging malpractice for at least six years, and perhaps for 22 years after the birth of a potential plaintiff. Claims of this kind are of such a nature that a physician or hospital must envisage the possibility of a long delay prior to the institution of a court action.

Appellant's counsel have said during one of the court sessions below that the principal original lawyer for the plaintiffs was a relative of Mrs. Fay, unaccustomed to the trial of malpractice suits, and it was not until approximately a year after the case was filed that the firm of Harney, Ford & Schlottman was joined as attorneys for the plaintiffs. We are cognizant of the fact that very little seems to have been done by the firm representing the plaintiffs from the date of filing the second amended complaint until the joinder of the additional attorneys, who specialized, among other things, in this type of work, and we keep in mind the fact that in determining whether a dismissal for failure of prosecution is justified, the trial court has the right to consider the full period of time involved, from the filing of the case. But in view of the overall factors mentioned herein, we believe that the accusation of failure to press the case for a hearing is improper.

The record shows that, after filing their answers, the defendants secured the deposition of Mrs. Fay, and that the appellant then took a total of 21 depositions of the defendants and other witnesses in Los Angeles, San Jose, Bakersfield and Santa Barbara.

These depositions and the dates upon which they were secured are:

| March 11, 1964 | Dorothy Jean Shoemaker—witness; |
| March 11, 1964 | Lydia Matz—witness; |
| March 11, 1964 | Virginia Bolick—witness; |
| March 12, 1964 | Carroll Francis Mundy, M.D.—defendant; |
| March 12, 1964 | Leroy Edgar Smale, M.D.—defendant; |
| March 13, 1964 | George Albin, M.D.—witness; |
| March 13, 1964 | Ralph Leroy Wilkening, M.D.—witness; |
| July 7, 1965 | Anton J. DeFede, M.D.—witness; |
| July 8, 1965 | Grace De La Mater—witness; |
| July 8, 1965 | Lester Sinclair Gale, M.D.—witness; |

July 8, 1965 Kathleen N. Mulvaney—witness;
July 8, 1965 Margaret Jacobson—witness;
July 9, 1965 Margaret Krausse—witness;
July 9, 1965 Adeline Frasch—witness;
September 15, 1965 Karol Fishler, M.D.—witness;
September 16, 1965 Sister Mary Norbert—witness;
September 17, 1965 Hazel Hefner—witness;
September 17, 1965 Marcy Skinner—witness;
September 17, 1965 Bernice Bailey—witness;
September 17, 1965 Jeanne Welch—witness;
September 23, 1965 Jean Heinrich—witness.

Plaintiff's attorneys advanced costs in the sum of at least $1,768.62 in preparation for the trial.

Another factor, which must be taken into consideration, is that plaintiff contends that delays in preparation for trial to the extent of 435 days were occasioned specifically by the defendants' counsel as follows:

| DELAYS | DAYS |
|---|---|
| 1) Demurrers to complaint and first amended complaint, August 24 to December 19, 1961 | 116 |
| 2) Continuation of plaintiff's disposition November 27 to December 28, 1962 | 31 |
| 3) Continuance of depositions of defendants set for February 20 and February 21, 1963 at request of defendants' attorney for "at least one month" | 30 |
| 4) Continuance of depositions of defendants from requested date of January 2, 1964 to March 11, 1964 | 66 |
| 5) Written interrogatories served on defendant on May 18, 1964, answers to which were due June 2, 1964, and were finally answered, after motion by plaintiff and order of court on October 1, 1964 | 120 |
| 6) Other depositions noticed by plaintiff, by mutual agreement and by reason of defendant attorneys' calendar were postponed from April 26, 1965, to July 7, 1965 | 72 |
| TOTAL............ | 435 days |

Some of these delays were legitimate, such, for example, as the time lost by reason of demurrers, both of which were sustained. But otherwise it would be a strange holding to rule that delays caused by a defendant should result in a penalization of the plaintiff by dismissal. Even in criminal cases when

the enjoyment of constitutional rights is postponed as a result of a defendant's acts or requests, such postponements are not counted against the prosecuting officials. (*Cody* v. *Justice Court*, 238 Cal.App.2d 275, 285-286 [47 Cal.Rptr. 716] ; *People* v. *Wilson*, 60 Cal.2d 139, 146 [32 Cal.Rptr. 44, 383 P.2d 452].) The stressed requests and demands made by the defendants' lawyers to plaintiff's counsel for additional time, instances of which are supported in large part by copies of correspondence set forth in the clerk's transcript, should not be held against the appellants.

Certain other observations were entitled to be weighed :

■ 1) It should not be held against the plaintiff that his representatives waited part of the six years granted him to institute the action; he was authorized by the law to file his complaint within those time limits; the respondents argue that they were penalized through the passage of time so that some of the witnesses forgot the details of what they saw, heard and experienced on the date of the birth.

■ 2) The plaintiff cannot properly be blamed for the alleged loss of memory of some of the witnesses. A careful record of what occurs in a hospital, including the operating room, must be made, in accordance with custom and practice and the requirements of the California Administrative Code. The keeping of adequate hospital records is a most important element involved in the treatment of patients (*People* v. *Gorgol*, 122 Cal.App.2d 281 [265 P.2d 69] ; 14 So.Cal.L.Rev., pp. 99-114), and plaintiff cannot be blamed for a failure on the part of the defendant hospital to comply with its duty. If such a record is kept the persons may use the memoranda made by them to refresh their respective recollections. Contrary to the requirements of the California Administrative Code, title 17, article 5, section 280, through the direction of the Medical Records Librarian, these portions of the record consisting of the nurses' notes were destroyed.

The partial destruction of records obviously increased the delay in the preparation of the case for trial by plaintiff's counsel, and, incidentally, made more difficult the illumination of the memories of some of the witnesses. Fortunately, it was discovered that an insurance company had earlier made transcripts of the entire medical record, and after delay caused by motions to secure complete copies, plaintiff's counsel were again placed in a position further to prepare for trial. In any event, it cannot be claimed legitimately that the plaintiff is

responsible for any loss of memory exhibited by any of the witnesses.

3) There is some intimation on the part of respondents' counsel that defendants have been improperly placed at a disadvantage because the appellant has never specifically stated his version of the detailed negligence of the defendants. The plaintiff suggests that he is depending on the application of the principle of res ipsa loquitur. These conflicting contentions cannot be passed upon at the present time; they refer to the underlying rights and wrongs of the parties. We are considering this appeal entirely apart from whether the plaintiff or the defendants will ultimately be shown to be right. We approve, as to each defendant, what is said in *Scott* v. *McPheeters,* 33 Cal.App.2d 629, 637 [92 P.2d 678, 93 P.2d 56] : "We do not even suggest the defendant in this case is guilty of malpractice. Mere mistakes in the judgment of a physician do not constitute malpractice. It may be true that the defendant made no mistake in the delivery of the child in this case. It may be true that it is impossible to satisfactorily prove that this conduct contributed in any degree to the unfortunate condition of the child. *But that should not deprive one of the right to pursue a remedy of an assumed wrong."* (Italics added.)

The action was set for a pretrial hearing on September 27, 1965; on September 10, 1965, respondents served and filed notice of motion to dismiss the case on the ground that it had not been brought to trial within the two-year period specified in section 583 of the Code of Civil Procedure. The motion to dismiss was heard and submitted on September 23, 1965; four days later, the pretrial hearing was held. The attorneys for appellant there stated that they were prepared to go to trial immediately. But respondents' attorney said that he could not try the case for seven months or until April 19, 1966. The trial was set for that day. On October 28, 1965, the court granted respondents' motion to dismiss, and a signed order incorporated in a judgment of dismissal was filed on November 2, 1965. On November 9, 1965, appellant made a motion to vacate the order and judgment of dismissal; this motion was heard on December 3, 1965, and denied on December 20, 1965.

It is shown in one of the briefs filed by appellant, and not questioned by respondents, that since the appeal in this case the plaintiff instituted a new action in the Superior Court of Kern County, numbered 95105; his counsel states relative to it: "Pursuant to Code of Civil Procedure, Section 875-(3), it

is requested that this court take judicial knowledge of proceedings in the trial court subsequent to the appeal in this case. On behalf of the minor plaintiff, an action was filed against the same defendants, the respondents herein, being Case No. 95105, filed February 14, 1966. The complaint is the same as that in the present case, except in order to toll the statute of limitations, it alleges that since the birth of plaintiff on August 27, 1956 until May of 1961 the mother of plaintiff had been advised by the defendant doctors that the injuries received by plaintiff at the time of his birth were due solely to the fact that it was a breech birth and that the resultant injuries to the child could not have been avoided. It is further alleged that in May, 1961 the mother became suspicious as to the cause of the child's brain injury, sought legal advice, instituted the present action, and was advised by her attorneys after discovery proceedings that the fault was that of the defendants.

"In said new action, . . . the defendants demurred pursuant to Code of Civil Procedure, Section 430 (3), on the ground that there is another action pending (this case) between the same parties for the same cause. On March 15, 1966, the trial court made the following order:

" 'Demurrer of Carroll Francis Mundy, Leroy Smale & Mercy Hospital to the Complaint sustained on the grounds there is another action pending; action abated until other action is determined.'

"The new action is abated and marking time pending determination of this appeal. This honorable court certainly should take into consideration that in the new action plaintiff can have his case tried on the merits only after repetitious pretrial discovery, further delay and further expense, whereas prompt trial of the prepared present case on the merits will best serve the interests of justice.''

It should be noted in passing that if in the future any defendant should feel tempted to move to dismiss the case pursuant to the five-year "mandatory" provision of section 583 of the Code of Civil Procedure, the time occupied by this appeal must be omitted from the computation of time going to make up the five-year period. (*Kinard* v. *Jordan,* 175 Cal. 13 [164 P. 894]; *Christin* v. *Superior Court, supra,* 9 Cal.2d 526, 530; *City of Pasadena* v. *City of Alhambra, supra,* 33 Cal.2d 908; *Westphal* v. *Westphal,* 61 Cal.App.2d 544 [143 P.2d 405].)

The order dismissing the action pursuant to section 583 of

242

the Code of Civil Procedure is reversed, and the trial court is directed to make a new order denying respondents' motion to dismiss.

Stone, J., and McMurray, J. pro tem.,* concurred.

A petition for a rehearing was denied December 5, 1966. Gargano, J., did not participate therein. Respondents' petition for a hearing by the Supreme Court was denied December 28, 1966.

*Assigned by the Chairman of the Judicial Council.