[Civ. No. 12902. Third Dist. June 1, 1971.]

GUY F. ATKINSON COMPANY, Cross-complainant and Appellant, v. THE STATE OF CALIFORNIA, Cross-defendant and Respondent.

### COUNSEL

Pillsbury, Madison & Sutro, Anthony P. Brown and Donald S. Zinn for Cross-complainant and Appellant.

John P. Morgan, Robert J. DeFea and Donald J. Mulcare for Cross-defendant and Respondent.

### OPINION

**PIERCE, P. J.**—This is a motion by the State of California to dismiss an appeal by Guy F. Atkinson Company from a judgment of the superior court following an order of that court on August 19, 1970, sustaining the state's demurrer to Atkinson's cross-complaint against the state. The ground of the motion is that the judgment appealed from is nonappealable.

The original action was one for wrongful death. The state and Atkinson and a third party were named defendants. Death was due to an automobile accident on a highway allegedly negligently planned and constructed. The main action was settled and plaintiff dismissed his action with prejudice and is thus out of the case. The state and Atkinson each contributed to the settlement. The state and Atkinson each reserved their rights to contribution, if any, against the other. The state had, and still has, a cross-complaint pending against Atkinson for an express indemnity (under its construction contract). Atkinson at the behest of the state performed work after the accident. It "scored" the apparently slippery surface of the highway. Atkinson included a separate count (fifth) in its cross-complaint for "extras"—the alleged value for doing this work. The state contended that it was the obligation of Atkinson to do this work without compensation under the terms of the contract. The trial court made its order sustaining the demurrer to all five counts of the Atkinson cross-complaint without leave to amend and thereafter filed a judgment of dismissal of the cross-complaint. Atkinson appealed.

 The state's motion to dismiss this appeal must be granted because the appeal is premature. It is quite understandable, however, why the appeal was taken. Had it not been taken and had the trial court acted within its jurisdiction in entering the judgment determination of ALL issues

raised by the cross-complaint to which a demurrer had been sustained would have become res judicata. But the judgment entered by the trial court was premature also. It violated the single judgment rule. (Code Civ. Proc., § 577; *Lopes* v. *Capital Co.* (1961) 192 Cal.App.2d 759, 762 [13 Cal. Rptr. 787]; *Bank of America* v. *Superior Court* (1942) 20 Cal.2d 697, 701-702 [128 P.2d 357].) This court must, therefore, exercising its constitutional, statutory and inherent equity powers, on its own motion vacate the court's judgment. (Code Civ. Proc., §§ 906, 913; *American Enterprise, Inc.* v. *Van Winkle* (1952) 39 Cal.2d 210, 219 [246 P.2d 935.)

 The trial court has power and Atkinson can move the trial court to reconsider and to modify its order in any respect it deems proper. (*Timm* v. *McCartney* (1935) 9 Cal.App.2d 230, 232 [49 P.2d 315]; *Vertex Inv. Co.* v. *Schwabacher* (1943) 57 Cal.App.2d 406, 410 [134 P.2d 891].) Either party may then cause the unresolved issues to be brought to trial.

Nothing herein said or ordered shall be construed as any expression by this court on the merits of substantive or other procedural elements of this case.

Under the peculiar circumstances here involved the California statutes covering dismissal for want of prosecution should be deemed tolled for the entire period elapsing between the judgment appealed from and the resumption of jurisdiction in the superior court.

 It is well settled that in cases where an order dismissing a case for want of prosecution is reversed on appeal the period of the appeal is deleted in computing time under section 583 of the Code of Civil Procedure. (*Fay* v. *Mundy* (1966) 246 Cal.App.2d 231, 234, 241 [54 Cal.Rptr. 591] (hg. den.); *Wilson* v. *Barry* (1953) 119 Cal.App.2d 621, 624 [259 P.2d 991].) In *Wilson* this court noted that the provisions of the section should be followed " '*in accorance with the spirit of the law and with a view to subserving, rather than defeating, the ends of substantial justice,*' " and " '[e]ach case must be decided on its own peculiar features' and facts.' " While in this matter we dismiss a premature appeal we also vacate a premature judgment. The fault in the delay did not lie with appellant but in the inadvertence of the trial court.

It is therefore ordered:

1. The appeal of Atkinson is dismissed, without prejudice, as premature.

2. The judgment of the trial court appealed from is vacated as also premature.

3. On any motion under Code of Civil Procedure section 583, the statute shall be tolled during the period hereinabove stated in accordance with the views expressed herein.

Regan, J., and Janes, J., concurred.